**In the Matter of Lowell Franklin LANTZ (and) Betty Jane Lantz, Debtors.**

**PUBLIC FINANCE CORPORATION, Plaintiff,**

v.

**Lowell LANTZ, Betty Lantz, Debtors.**

**Bankruptcy No. 3-80-01802.**
**Adv. No. 3-80-0439.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Nov. 3, 1980.

R. L. Cousineau, Dayton, Ohio, for plaintiff.

Lloyd D. Cohen, Dayton, Ohio, for debtors.

George Ledford, Trustee, Englewood, Ohio.

## MEMORANDUM DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

Lowell Franklin Lantz and Betty Jane Lantz, husband and wife, filed a joint petition under Chapter 13 on 19 June 1980. The proposed Plan specified, in pertinent part, that "lien on household goods of Public Finance is to be avoided because it is a non–possessory, non–purchase money lien on household goods and furnishings used regularly by the Debtors and their family."

Public Finance Corporation opposes confirmation alleging that its loan granted 31 August 1979, in the amount of $5,002.42, is fully secured. Part of the loan proceeds were used to purchase a chain link fence from Fraley Fence Company. The security agreement described as collateral all of Debtors' household goods and the fence components.

A trial memorandum was filed in behalf of the Defendant debtors on 16 September 1980 urging that the claimed security interest on the fence was not properly perfected, and was properly treated as unsecured by the Plan, citing 11 U.S.C. § 544(a)(2) and (3) and § 1309.38 Ohio Revised Code as to failure of perfection on real estate fixtures. This issue was not seriously pursued by Plaintiff, neither evidence nor legal authorities having been submitted, and must be resolved in Defendants' favor.

Plaintiff further urges that certain items of household goods are not exempt because of a value in excess of $200.00 per item, to which Defendants responded that an exemption ($400.00) was claimed by each under Section 2329.66(A)(4)(b). No competent evidence as to valuation having been adduced, this controversy likewise must be deemed as moot.

Plaintiff has more seriously urged,

"that the lien avoidance in sections of 522 must have applicability only in the Chapter 7 situations. The purpose of the lien avoidance provisions are to allow the defendants to obtain in certain instances their property, or to allow the trustee to liquidate certain property free and clear of liens obtained in a manner determined by Congress to give certain creditors unfair advantage over other creditors.

We submit to the Court that the situation is not applicable to the Chapter XIII proceedings. This is part of a Congressional scheme whereby the Defendants, when they are in compliance with certain statutes, can be and are shielded from the creditors, and can retain possession and use of their property. The scheme further provides that if they fully comply with their plan under Section 1328, they will be given a complete and full discharge from their debts.

Upon discharge of their debts, it naturally must follow that the debt no longer exists and that the security has been satisfied, and that the liens are thereby cancelled.

It is further submitted to the Court that the lien avoidance provisions that are available to the Defendants only become finalized upon adjudication, and the granting of the discharge. Liens that may be avoided during the bankruptcy proceedings will not be avoided if the debtor does not receive his discharge. The lien avoidance sections found in paragraph 5 are predicated upon discharge. During distribution of Chapter XIII, the liens must remain, and upon discharge, the liens be avoided due to the fact that the discharge is of a higher discharge, and fully discharges the debtor from his debts in the normal course of events, as if the debtor had paid his debts in the normal manner.

It is therefore respectfully submitted to this Court that the Public Finance Corporation must retain lien rights and said rights shall remain until the Defendant receives his discharge under Section 1328."

No citations of case precedents or other authorities have been supplied in behalf of either litigant on the applicability of the lien avoidance sections in a Chapter 13 context.

Upon first blush, perhaps it does seem incongruous that 11 U.S.C. § 1325(5)(B)(i) can require that an impaired, non–accepting holder of a secured claim retain its lien as a condition precedent to confirmation of the same lien can be avoided under 11 U.S.C. § 522(f). In other words, can a lien be both retained and avoided? If section 103 of the Bankruptcy Code (which very positively provides that Chapters 1, 3 and 5 apply in a case under Chapter 7, 11 or 13) is taken literally, obviously Section 1325 of the Code must be rationalized accordingly.

This Court is constrained to believe that the purposes of these various statutory provisions are not inconsistent, if taken in a proper sequence and perspective.

 It is a truism that the filing of the Chapter 13 petition creates an estate. *See* 11 U.S.C. §§ 541, 1306 and 103(a). It is also axiomatic that even exempt property passes to the Trustee, overruling *Lockwood v. Exchange Bank,* 190 U.S. 294, 23 S.Ct. 751, 47

L.Ed. 1061 (1903). *See House Report No. 95–595, at page 368, U.S. Code Cong. & Admin. News 1978, p. 5787, and the jurisdictional grant under 28 U.S.C. § 1471(b).*

 After the court jurisdiction attaches, innumerable conflicting interests arise. One disposition of property of the estate is the allocation to the debtor to fulfill exemption rights. In the case *instanter,* Debtors have claimed exemption rights in the type of property (household goods) which has been deemed of such paramount and vital necessity to family survival that "the fixing of a lien" may be avoided under Section 522(f) of the Code. The monetary value of such items is usually by nature and definition very limited in value. (Here the question of value has been rendered moot for failure of proof).

The avoidance of lien goes to the remedy, nevertheless, and not to the validity of the lien. If the debt is discharged, then the lien cannot be enforced. *See* decision by this court on effect and constitutionality of lien avoidance in *Rutherford v. Associates Financial Services Company of Ohio* (Bkrtcy.1980), 4 B.R. 510, 3 Bankruptcy Law Reporter (CCH) ¶ 67534.

The conclusion is inescapable that the lien is retained on all property, subject to the requirements for confirmation under Code Section 1325(a)(5)(B). It is equally obvious that debtors may claim exemption rights conformably to Code Section 522, including the avoidance power. It would be completely incongruous to rationalize in the face of the statutory incorporation of Chapter 5 into Chapter 13 that a debtor opting to pay his creditors under the wage adjustment procedures thereby waives exemption rights and the paramount legislative purpose of protecting a family's basic necessities.

Even though the lien is retained, however, the claim holder is placed in the class of secured creditors only "to the extent of the value of such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a). The exemption property has been taken out of the estate by operation of law upon request of Debtors. Distributions to Plaintiff herein by the Chapter 13 Trustee, therefore, would be as an unsecured creditor inasmuch as there is no proof that the value of the collateral exceeds allowable exemptions applicable thereto.

*ORDERED, ADJUDGED AND DECREED,* that the Debtors proposed Plan complies with all statutory requirements for confirmation and an order may be entered accordingly; and, Plaintiff's Complaint objecting to confirmation is hereby denied.

*ORDERED, ADJUDGED AND DECREED,* that the Plaintiff shall retain its lien until a discharge is duly entered herein conformably to Section 1328 of the Bankruptcy Code.