**In the Matter of Paul P. BRAHM, Debtor.**

**HOUSEHOLD FINANCE CORPORATION, Plaintiff,**

v.

**Paul P. BRAHM, Defendant.**

**Bankruptcy No. 3–80–02684.**
**Adv. No. 3–80–0559.**

United States Bankruptcy Court, S. D. Ohio, W. D.

Nov. 26, 1980.

254

R. L. Cousineau, Dayton, Ohio, for plaintiff.

Lloyd D. Cohen, Dayton, Ohio, for debtor, defendant.

George Ledford, Englewood, Ohio, trustee.

## DECISION AND ORDER

## FINDINGS OF FACT AND ISSUES

CHARLES A. ANDERSON, Bankruptcy Judge.

Paul P. (Peter) Brahm filed his petition and proposed Plan under Chapter 13 on 29 August 1980. Under the terms of said Plan secured creditors retain their liens until completion of payments or discharge. The lien of Household Finance Corp. (security interest on furniture) is avoided pursuant to 11 U.S.C. § 522(f) and "shall be treated as unsecured."

Plaintiff Household Finance Corp. filed its complaint objecting to confirmation within rule, alleging (in error) that there was no lien retention provision in the Plan, and that "the Court is without jurisdiction and authority to avoid Plaintiff's lien rights. . . ."

At the hearing, Plaintiff dismissed at bar the erroneous allegation as to lien retention, and the Plan was provisionally confirmed subject to a determination of how Plaintiff would be paid and its proper classification as a creditor.

No evidence was submitted by Plaintiff as to the valuation of the collateral (exempt household goods and furniture) or to show that the collateral was treated as having any intrinsic value other than as a typical collection device. The debtor's estimated valuation (not contested) was $300.00 (the proof of claim shows a valuation of $800.00), against a principal amount due in the sum of $3,220.05.

The Debtor proposes to pay to the Trustee $35.00 per week for 36 months, which would effect total payments on unsecured claims of an estimated 16%.

An examination of the record by the Court reveals, also, that Heinz Brahm, father of Debtor, is a comaker on the obligation.

## DECISION

On first blush, the issues now raised would appear to be the same as addressed by this Court previously in *Public Finance Corporation v. Lantz*, 7 B.R. 77. It was there concluded that lien retention pursuant to 11 U.S.C. § 1325(a)(5)(B)(i) was qualified by and subject to lien avoidance under 11 U.S.C. § 522(f) to the extent that nonpossessory, nonpurchase–money security interests impair an exemption in household goods and furnishings.

The same issues have been posed by Plaintiff, in essence urging that Chapter 13 of the Bankruptcy Code serves different purposes from Chapter 7 because a Debtor retains possession and there is "no impairment of an exemption."

In applying the principles enunciated in the *Lantz* Case, we note, however, that several crucial facts *instanter* dictate further analysis. The legal standing of the Plaintiff herein is not comparable to that of the Plaintiff in *Lantz*, in the opinion of the court.

As mentioned in the decision in *Rutherford v. Associates Financial Services Company of Ohio*, 3 BLR (CCH) ¶ 67534, the relative status of the respective interested parties in an individual debt adjustment case must be considered in proper perspective. The legal relationships between the Debtor and the creditors are affected differently than the relationships among classes of impaired claims. The fact that a lien may impair an exemption, giving rise to a lien avoidance, does not invalidate the lien but merely the remedy. The lien remains valid as to third parties. Hence, as to the relationship among creditors, there

must be a fair and equitable distribution. Even though the creditor holding the avoided lien because of exemption impairment is therefore paid as an unsecured creditor by the Debtor, full lien retention persists as to junior creditors to the extent of the value of the collateral.

If the Plan does not honor this higher standing in distributions to other unsecured creditors, it must be concluded that the secured creditor on the exempt property in the estate as of the effective date of the Plan does not receive the indubitable equivalence of its claim. If the Plan provides for concurrent payments on both secured and unsecured claims pursuant to 11 U.S.C. § 1322(b)(4), the only manner of providing fair and equitable treatment would be to pay time value on the secured portion conformably to 11 U.S.C. § 506(a) and 11 U.S.C. § 1325.

■ The existence of a comaker poses questions as to confirmation similar to that of a secured creditor whose lien is retained, but avoided (as to the remedy) because of an impaired exemption, wherever there is not 100% payment (or wherever the estate is solvent). Similar to the status of a secured creditor holding an avoidable lien on exempt property, only the remedy is affected by the codebtor stay provisions of 11 U.S.C. § 1301. The stay is designed to relieve the debtor from indirect pressure to pay certain creditors immediately and in full despite the protection of Chapter 13. It requires a creditor with a cosigner to participate with other creditors as to time, but does not invalidate the obligation. The statute is designed to aid the Chapter 13 debtor, not the codebtor.

In addition to the axiom that distribution to impaired claims must bear constitutional muster as delineated by this court in *Rutherford*, the time value was properly confronted by the Congress in enacting 11 U.S.C. § 1325(a)(4), which specifically mandates that "*the value, as of the effective date of the plan*, of property to be distributed under the plan *on account of cash allowed unsecured claim* [sic] is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under Chapter 7 of this title on such date." [emphasis added] This requirement signifies that under proper circumstances all unsecured claims cannot be treated as equal in class.

■ Hence, in summary, it is concluded that the Debtor must propose a time value for the valuation of the collateral described by the avoided lien since junior claims (the general unsecured) are being paid on an equal priority by concurrent distributions. This same fair and equitable principle applies in codebtor situations. In other words, the difference between the amount paid under the Plan and the balance owed by the codebtor must be paid by a proposed time value if junior classes are being paid concurrently with a creditor holding a cosigned promissory note; but the time value is only to the extent that the claim is collectible from the codebtor. Even though such a claim participates as an unsecured claim the claim is allowable in such an amount as to compensate for a time value, when compared to general unsecured claims paid concurrently.

*ORDERED, ADJUDGED AND DECREED*, that the Plan proposed is not fair and equitable as to Household Finance Corp. and cannot be confirmed;

*ORDERED*, that the provisional order of confirmation should be, and is hereby, rescinded; and the Debtor is granted leave to file an amended plan within two weeks from the date of this Order.