In the Matter of James Edward
SNOW, Debtor.

**HOUSEHOLD FINANCE
CORPORATION,
Plaintiff,**

v.

**James Edward SNOW, Defendant.**

**Bankruptcy No. 3–80–02411.
Adv. No. 3–80–0512.**

United States Bankruptcy Court,
S. D. Ohio, W. D.

Dec. 29, 1980.

Donald F. Harker, Dayton, Ohio, for debtor.

R. L. Cousineau, Dayton, Ohio, for plaintiff.

George Ledford, Englewood, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSEN, Bankruptcy Judge.

This matter is before the Court for disposition of the plaintiff's complaint objecting to confirmation of the debtor-defendant's Plan filed pursuant to Chapter 13 of Title 11, United States Code. There are no material issues of fact in dispute; therefore, the parties submitted the matter to the Court on memoranda of law.

Plaintiff, Household Finance of Fairborn, holds a nonpossessory, nonpurchase-money lien on certain of the debtor's household goods and furnishings. The defendant, James E. Snow, filed a voluntary petition for relief with this Court on August 8, 1980 seeking the benefits of Chapter 13 of the Bankruptcy Reform Act of 1978. As part of his Plan, the debtor proposed to avoid the

plaintiff's lien pursuant to 11 U.S.C. § 522(f)(2).

The plaintiff claims that the provisions of § 522(f) are not applicable in a case filed under Chapter 13 of Title 11 but, instead, are only applicable to cases filed under Chapter 7 of the Code. It contends that the effect of § 522(f) in a Chapter 13 proceeding would cause a direct conflict between that section and the provisions of 11 U.S.C. § 1325(a)(5)(B) which permit that a secured creditor that does not accept the plan may be "crammed down" only if said creditor is permitted to retain its lien on the subject collateral.

■ The Court would address the parties' attention to two recent decisions in which we treated the issue of whether § 522(f) applied in a Chapter 13 proceeding. *See Household Finance Corporation v. Brahm,* 7 B.R. 253 (Bkrtcy.S.D.Ohio 1980) and *Public Finance Corporation v. Lantz,* 7 B.R. 77 (Bkrtcy.S.D.Ohio 1980). We believe that the material facts of this case are substantially similar to those of the above cases; thus, the Court's holding as to the applicability of § 522(f) in a Chapter 13 case is dispositive of the controversy at bar. 11 U.S.C. § 1322(b)(1) permits the debtor to classify unsecured claims. In our opinion, as set forth in the *Brahm* and *Lantz* cases, a creditor with an avoided lien in a Chapter 13 case becomes part of a separate class of unsecured creditors who are compensated for the loss of their security by obtaining the indubitable equivalent of their secured claim as compared to other unsecured creditors.

■ In the present case, there is no evidence from the plaintiff to indicate that the household goods used as collateral are of any significant monetary value. Consequently, we find the benefits to the debtor of avoiding this lien far outweigh the detriment of the plaintiff's loss of its present ability to exercise its security interest (as a procedural matter).

Therefore, it is *ORDERED, ADJUDGED AND DECREED,* that 11 U.S.C. § 522(f) is not inconsistent with 11 U.S.C.

§ 1325(a)(5)(B) and that it may be applied in a Chapter 13 proceeding.

It is further *ORDERED* that the above plaintiff's lien is avoided pursuant to the provisions of the Debtor's Plan, and said Plan is hereby CONFIRMED conformably to the principles and effect of the prior decisions cited herein.