**In the Matter of Dennis Samuel QUINN, aka Dennis S. Quinn, Debtor.**

**Bankruptcy No. B86–00078–Y.**

United States Bankruptcy Court, N.D. Ohio.

April 24, 1986.

### ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This cause came on for consideration upon the Motion of SOCIETY BANK, an alleged creditor in these Chapter 13 proceedings, for an Order relieving it from the automatic stay. The Court finds the relevant facts to be as follows:

1. On January 28, 1986, DENNIS S. QUINN ("Debtor") filed a Petition for Relief under Chapter 13 of the Bankruptcy Code. His Schedules listed

($270,000)
($370,000)

three (3) debts totalling Three Thousand, Nine Hundred Forty-Five & 80/100 Dollars ($3,945.80), all of which were claimed as unsecured. The largest debt was that owed to SOCIETY BANK in the amount of Three Thousand, Seven Hundred Seventy & 80/100 Dollars ($3,770.80). The basis for the obligation was a promissory note dated November 8, 1982, on which Debtor was principally liable and which Debtor's mother, Pauline Quinn, had signed as co-maker.

2. Debtor had previously filed a Chapter 7 case in this Court, known as Case Number B83–00830–Y. The debt to SOCIETY BANK had been scheduled in that case and had been discharged in that case on January 6, 1986, along with Debtor's other debts. Thus, as of January 6, 1986, and prior to the filing of this Chapter 13 case, Debtor was no longer liable on the note, and SOCIETY BANK's sole recourse was as against Pauline Quinn, the co-signer.

3. Debtor's Chapter 13 Plan proposes a 100 percent (100%) payment to unsecured creditors over a five-year period.

The issue which presents itself here is whether the co-debtor stay of 11 U.S.C. Sec. 1301(a) precludes a creditor from proceeding against a co-signer on an obligation which has been previously discharged as to the debtor in a Chapter 7 case but which is now voluntarily included in the debtor's subsequent Chapter 13 Plan for repayment at 100 percent (100%).

We think the answer to be in the negative. There is no doubt that, after receiving his Chapter 7 discharge, Debtor was no longer liable on the obligation to SOCIETY BANK. 11 U.S.C. Sec. 727(b) provides:

Except as provided in Section 523 of this Title, a discharge under Subsection (a) of this Section discharges the debtor from all debts that arose before the date of the order for relief under this Chapter, and any liability on a claim that is determined under Section 502 of this Title as if such claim had arisen before the commencement of the case, whether or not a

proof of claim based on any such debt or liability is filed under Section 501 of this Title, and whether or not a claim based on any such debt or liability is allowed under Section 502 of this Title.

Since the obligation to SOCIETY BANK was not excepted from discharge under 11 U.S.C. Sec. 523, Debtor's January 1, 1986, discharge in the Chapter 7 case effectively discharged Debtor's obligation under the note to SOCIETY BANK.

11 U.S.C. Sec. 1301 provides in part:

(a) ... After the order for relief under this Chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt....

The co-debtor stay of Section 1301 was "designed to protect a debtor operating under a Chapter 13 individual repayment plan case by insulating him from indirect pressures from his creditors exerted through friends or relatives that may have co-signed an obligation of the debtor." H.R. 595, 95th Cong., 1st Sess. 426 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6381. It was not enacted for the benefit of the co-signer. *In re Brahm*, 7 B.R. 253 (Bankr.S.D.Ohio 1980). It seems to us that where a debtor has previously received a discharge of an obligation so that he or she is no longer liable thereon, the debtor may not list that debt in a subsequent Chapter 13 case in order to utilize the co-debtor stay of Section 1301 for the protection of the co-signer. To permit a debtor to do so would clearly be outside the scope of Congressional intent and would be granting protection to an entity which was not intended to be protected by the enactment of Section 1301. "It is not relief for an individual that is not a debtor under the Bankruptcy laws. It is designed only to protect the principal debtor, not the co-debtor. Any protection of the co-debtor is incidental." H.R. 95–595, 95th Cong., 1st Sess. 123 (1977), U.S.Code Cong. & Admin.News 1978, p. 6084.

We hold that the co-debtor stay of Section 1301 is not applicable in this case. SOCIETY BANK may proceed as it deems appropriate.

IT IS SO ORDERED.