**In the Matter of Charles and Rosemary POLVINO, Debtors.**

**MONROE SAVINGS BANK, Plaintiff,**

**v.**

**Charles and Rosemary POLVINO, Defendants.**

**Bankruptcy No. 79–24182.**
**AP 80–2030.**

United States Bankruptcy Court,
W. D. New York.

June 17, 1980.

---

John R. Weider, Rochester, N.Y., for plaintiff.

Kenneth B. Mason, Jr., Rochester, N.Y., for defendants.

### MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

The Monroe Savings Bank has made application to lift the stay of § 362(d) to permit them to foreclose their mortgage in the above entitled matter. A preliminary hearing was held and a final hearing has been held at which testimony was taken. The case is now ready for decision.

The facts are as follows. The debtors filed their petition under Chapter 13 just prior to the foreclosure sale of the home in which they live at 1278 Millcreek Run in the Town of Webster. The value of the house has been stipulated at $45,000.00. The liens against the real property are a judgment of foreclosure for $26,809.49, disbursements of $415.25, Referee's fees of $200 and interest on the foreclosure through April 24, 1980 of $790.45, making a total judgment of $28,-215.19. There are real estate taxes due of $2,059.82 which are a prior lien to the mortgage. In addition, there are judgment liens of some $20,015.15.

The debtor, Charles J. Polvino, has title in fee simple, although his wife is a mortgagee and was formerly in title. Since the debtors filed their petition in Chapter 13, their payments for January and March of 1980 have not been made. No Motion has been made under § 522 to set aside any of the judgment liens. The plan has not been confirmed for various reasons, including the distinct possibility that it may not be feasible. A decision on this application is needed in order to give the debtor a chance to modify his plan so that it can be confirmed.

Section 1325(a)(5) of the Code provides:

(a) the court shall confirm a plan if—

(5) with respect to each allowed secured claims provided for by the plan—

(A) the holder of such claims has accepted the plan,

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; and

Section 362(d) of the Code provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Section 361 of the Code provides:

When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—

(1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value, of such entity's interest in such property; or

(2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or

(3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

Applying the law set forth in § 1325(a)(5), the Court may confirm the plan only if the lien securing such claim is continued and the value as of the effective date of the plan of what is to be distributed under the plan because of this claim is not less than the allowed amount of the claim. In the case at bar, this requires that the lien of the mortgage be continued in the amount of $28,215.19; that during the course of the plan the real estate taxes in the amount of $2,059.82 must be brought up to date. A Motion must be made to value the property and to remove the liens that impair the homestead exemption of the debtor (§ 522(f) of the Code). Current mortgage payments must be made and the debtor must provide during the course of the plan for the arrearages on the mortgage to be paid with interest at 6%.

Since § 362(d) permits the Court to modify the stay, the stay is hereby modified and continued providing the debtor within six weeks of the date of this Decision has a plan confirmed which will provide the payments set forth above and the adequate protection which the Court has indicated must be part of the plan and it is so ordered.

This Memorandum and Decision shall constitute Findings of Fact and Conclusions of Law in accordance with Rule 752 of the Rules of Bankruptcy Procedure.