In re Jack Elias HAGERMAN and Cheryl Elizabeth Hagerman, Debtors.

Jack Elias HAGERMAN and Cheryl Elizabeth Hagerman, Plaintiffs,

v.

DIAL FINANCE COMPANY, Defendant.

Bankruptcy No. 80–04124–S–13.
Adversary No. 80–0837–S–13.

United States Bankruptcy Court,
W. D. Missouri, S. D.

March 6, 1981.

F. Bennett Lilley, Springfield, Mo., for debtors.

Theodore C. Salveter, Jr., Springfield, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Debtors have filed a Complaint to Avoid a Lien held by Dial Finance Company on household goods and furnishings. Dial has filed an Answer contending that specific items, as a piano, are not subjects amenable to lien avoidance and that lien avoidance is not proper in a Chapter 13 proceeding. At a conference of counsel, the parties agreed that these issues could be ruled upon the pleadings.

Section 522(d)(3) of the Code, Title 11, U.S.C., allows exemption of the "debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor". The lien avoidance provision of the statute, Section 522(f) reaches all of these items so long as the lien is a non-possessory, non-purchase money security interest.

■ The thrust of the section on exemptions, and especially the provision for lien avoidance, supports the concept of "fresh start" inherent in the Code. The language of the description should be read broadly but within traditional guidelines. The Missouri statute or exemptions, Section 513.-435, V.A.M.S., refers to household furniture without further specification. It therefore contains no constraints upon a broad reading of Section 522. There has been some debate upon inclusion of television sets as exempt, see the interesting opinion *In re Cota*, 2 BCD 24 (B.C.Utah 1975), but contemporary custom and the statutory language permit the conclusion that a television set is within the ambit of exempt household furnishings and goods. The same conclusion may be drawn as to tools, even not of the trade, where there is no indication that they are other than ordinary items found in most households. The Court finds that the list of property in debtors' Complaint qualifies as exempt property as to which the lien may be avoided.

Defendant raises a more challenging question alleging that Section 522(f) is not applicable to Chapter 13 proceedings. The lien avoidance provisions of Section 522(f) make no reference to a Chapter 13 proceeding, but Section 103(a) provides that "Except as provided in Section 1161 of this title, Chapters 1, 3, and 5 of this title apply in a case under Chapter 7, 11 or 13 of this title". Section 1325(a) authorizes the Court to confirm a plan under the Chapter if:

(1) the plan complies . . . with other applicable provisions of this title; . . .

(5) with respect to each allowed secured claim provided for by the plan—

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim . . .

This language suggests that a lien must be retained if the plan is to be confirmed. There is no reference to Section 522(f) in Section 1325.

The legislative history to Section 1325(a)(5) suggests that the purpose of the language is to eliminate the pressure created upon the debtor by the holder of a security interest in property "that is virtually worthless to anyone but the debtor" but which has high replacement cost. 5 Collier on Bankruptcy ¶ 1325.01[E][1] (15th Ed.) at page 1325–17. This applies particularly to a security interest in household furnishings and goods which have little sale value but high replacement cost. Under Section 1325(a)(5) this problem is dealt with by dividing the claim into secured and unse-

cured portions. Lien avoidance simply converts the entire debt from secured to unsecured.

 The application of the lien avoidance procedure deprives an otherwise secured creditor of some payment where, as here, the plan proposes a compromise of the unsecured debts. Yet Section 522(f), in light of the language of Section 103(a), clearly applies and the procedure should be utilized, giving full impact to the remedial nature of the statute as a whole. The constraint of Section 1325(a)(5) can be dealt with by concluding that, after lien avoidance, the creditor is not secured and there is, therefore, no "allowed secured claim provided for by the plan".

The Court concludes, therefore, that the lien avoidance provisions of Section 522(f) are available to a debtor in a Chapter 13 proceeding. The Complaint to Avoid the Lien of Dial Finance is SUSTAINED.

SO ORDERED.