**In re David D. CORDEN, Evelyn T. Corden, Debtors.**

**David D. CORDEN, Plaintiff,**

v.

**DIAL FINANCE COMPANY, Defendant.**

**Bankruptcy No. 81–1100–ORL–BK–GP. Adv. No. 82–27.**

United States Bankruptcy Court, M. D. Florida, Orlando Division.

April 20, 1982.

Michael Price, Orlando, Fla., for plaintiff.

John C. Englehardt, Orlando, Fla., for defendant.

## MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

### Facts

A complaint to avoid a lien under 11 U.S.C. § 522(f) was filed by this Chapter 13 debtor. The debtor contends that the defendant holds a non-possessory, non-purchase money security interest in his household and personal goods which impairs

property exempt under state law. The Court pauses to observe that Florida has opted out of the Federal exemptions as permitted in 11 U.S.C. § 522(b), and the debtor's claim to exemptions is governed exclusively by the laws of this state.[1] The defendant moves to dismiss arguing that § 522(f) is not available for use by a Chapter 13 debtor.

### Discussion

This issue is one of first impression in this Court. However, my esteemed colleague, Bankruptcy Judge Rufus W. Reynolds of the Middle District of North Carolina, has dealt with a similar matter in *Sands v. Blazer Financial Services, Inc.*, 15 B.R. 563, 8 B.C.D. 424 (Bkrtcy.M.D.N.C.1981). I cite, with approval, the following language from this opinion:

> Section 522(f) allows avoidance of liens on household goods only "to the extent that such lien impairs an exemption to which the debtor would have been entitled to under subsection (b) of this section." In a Chapter 13 case, the debtor keeps all of his property and there is no exemption which is being impaired. Chapter 13 is unlike Chapter 7 where the debtor must claim his exemptions and keeps only his exempt property.

The North Carolina court concluded that such treatment of this group of creditors would be inequitable especially since lien avoidance would offer limited benefit to the debtor. That court suggests that the security interest if otherwise valid should be recognized and paid through the plan according to the confirmation order and not avoided under § 522(f). This Court agrees with this assessment.

This Court is cognizant that 11 U.S.C. § 103(a) states that, ". . . chapters 1, 3, and 5 of this title apply in a case under chapters 7, 11, or 13 of this title." (Emphasis added) However, 11 U.S.C. § 522(f) recognizes plainly that the purpose of this section is to protect the debtor's exemption rights. Since there are no exemptions granted in Chapter 13, no such protection is required.

Exemption issues in Chapter 13 are limited to advising the Court of the existence of such exemptions in the required Chapter 13 statement so the Court may determine that the confirmation standard of § 1325(a)(4) is met by the debtor.

### Judgment

I hold that in a Chapter 13 case pending before this Court that a debtor will not be permitted to utilize § 522(f) to avoid either (1) a judicial lien, or (2) a non-possessory or non-purchase money security interest in property described in this section.

The Court grants the motion to dismiss filed by the defendant and this adversary proceeding is dismissed with prejudice.

---

1. *Florida Statutes* § 222.20.