**192**

In re NESBITT CORPORATION, former-
ly Environmental Technologies
Corporation, Debtor.

NESBITT CORPORATION, formerly
Environmental Technologies
Corporation, Plaintiff,

v.

POWERTHERM, INC., and United Pacif-
ic Insurance Company, Defendants,

v.

INTERNATIONAL TELEPHONE AND
TELEGRAPH CORPORATION,
Additional Defendant.

Bankruptcy No. 80–713.
Adv. No. 81–2069.

United States Bankruptcy Court,
W.D. Pennsylvania.

July 27, 1982.

Philip E. Beard, Pittsburgh, Pa., for plaintiff.

Kathleen M. Lynch, Philadelphia, Pa., Russell G. Tisman, New York City, Robert

F. McCabe, Jr., Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

In the above captioned case, a Motion to Dismiss for Lack of Jurisdiction has been filed by the Defendants, Powertherm, Inc. ("Powertherm"), and United Pacific Insurance Company ("United").

### STATEMENT OF FACTS

The Debtor in this case was at one time the Nesbitt Division of International Telephone and Telegraph Corporation ("I.T.T."). The Nesbitt Division was later acquired by Environmental Technologies Corporation and renamed the Nesbitt Corporation ("Nesbitt"). Nesbitt is the Debtor herein.

Powertherm and I.T.T. had a prior course of dealing. In connection with the purchase of the Nesbitt Division, the Debtor acquired a claim against the Defendants. I.T.T. has been joined by the Defendants as an additional Defendant, because while I.T.T. transferred its claim against Powertherm to Nesbitt, it could not likewise assign any obligations to Powertherm it may have.

### DISCUSSION

In the case before us, Powertherm and United raise the argument that the United States Supreme Court's recent decision in *Northern Pipeline Construction Company vs. Marathon Pipeline Company,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) divests this Court of jurisdiction to hear this adversary proceeding. This Court previously ruled on the 21st day of January, 1982 that it had jurisdiction over this matter and that venue was proper in this District.

In the Northern Pipeline case, the plurality opinion, in which four justices joined, held that "the broad grant of jurisdiction to the bankruptcy courts contained in § 241(a) [codified as 28 U.S.C. § 1471] is unconstitutional," supra at 4902. This finding was

based on an analysis of the proper functions of Article I as opposed to Article III judges. The majority felt that the expanded jurisdiction of the Bankruptcy Courts could only be delegated to Article III judges. The plurality was joined by two justices who concurred in the result, even though the concurring justices would have held that the grant of jurisdiction was unconstitutional only because it gave Article I judges the authority to decide state law questions. The decision of the Court, however, was held to be prospective only and it is not to become effective until October 4, 1982.

> The judgment of the District Court is affirmed. However, we stay our judgment until October 4, 1982. This limited stay will afford Congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws. *Northern Pipeline Construction Co. v. Marathon Pipeline Company,* supra, at ——, 102 S.Ct. at 2880.

The Defendants argue here that under the ruling in Northern Pipeline Company, this Court cannot hear the present controversy. On the contrary, we find that the ruling gives this Court authority to exercise its present grant of jurisdiction until October 4, 1982. If it were otherwise, this Court would have no authority at the present time to rule on the Defendants' Motion. The logical result of this position is that this Court should have closed up shop on June 28, 1982. It is precisely because the Supreme Court stayed its decision that this Court has jurisdiction.