In re John L. COMA and Regina L. Coma, Debtors.

John L. COMA and Regina L. Coma, Plaintiffs,

v.

McKEESPORT NATIONAL BANK and Gene Snowden, Defendants.

Bankruptcy No. 82–769.
Adv. No. 82–1131.

United States Bankruptcy Court, W.D. Pennsylvania.

Oct. 29, 1982.

Gary Philip Nelson, Pittsburgh, Pa., for defendants.

Robert Xides, Pittsburgh, Pa., for plaintiffs.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Bankruptcy Judge.

This issue before the Court is whether a debtor in a Chapter 13 case under the Bankruptcy Code can avoid liens pursuant to Section 522(f).

## STATEMENT OF THE FACTS

The Debtors filed their Petition under Chapter 13 of the Bankruptcy Code on March 9, 1982. The Debtors claimed a $14,400.00 exemption in their residence. On May 12, 1982 the Debtors amended their petition to claim a $15,000.00 exemption in their residence. Defendant McKeesport National Bank ("McKeesport") is the holder of a judgment lien against the real property in the amount of $11,948.04. Gene P. Snowden ("Snowden") is the holder of a judgment lien against the real property in the amount of $1,795.11.

## DISCUSSION

The Debtors claim that the liens of McKeesport and Snowden are judgment liens which impair their exemption and seek to avoid the liens pursuant to Section 522(f)(1) of the Bankruptcy Code. McKeesport has filed a Motion to Dismiss the Complaint stating that Section 522(f) is not available to a Chapter 13 debtor and that this Court lacks jurisdiction.

I. Is Bankruptcy Code Section 522(f) available to a Chapter 13 Debtor?

Section 522(f)(1) states:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien or an interest of the debtor in

property to the extent that such lien impairs an exemption to which the debtor would have been entitled undeɪ subsection (b) of this section, if such lien is—

    (1) a judicial lien—

McKeesport here states that in a Chapter 13 proceeding the creditor is entitled to retain its lien and that Section 522(f) cannot be applicable. McKeesport further states that Section 522(f) is in conflict with Section 1325(a)(5)(B)(i) and the particular provisions of Chapter 13 should be followed if there is a conflict in the Bankruptcy Code. Section 1325(a)(5)(B)(i) states:

    (a) The court shall confirm a plan if—
    (5) with respect to each allowed secured claim provided for by the plan—
      (B)(i) the holder of such claim retains the lien securing such claim.

McKeesport perceives a conflict in the Code without dealing with Section 103(a). The Court does not agree that a conflict exists. Section 1325(a)(5)(B) merely describes how a properly secured creditor should be dealt with under a Chapter 13 plan. If Section 522(f) has been applied to avoid the security interest, the creditor is unsecured and Section 1325(a)(5)(B)(i) does not apply.

McKeesport points the Court to several cases that held Section 522(f) was not available to a Chapter 13 debtor. See *In re Corden,* 19 B.R. 552, 6 C.B.C.2d 594 (Bkrtcy. M.D.Fla.1982); *Matter of Aycock,* 15 B.R. 728, 5 C.B.C.2d 856 (Bkrtcy.E.D.N.C.1981). The concern of these courts seems to have been with a case where a Chapter 13 case has failed or is dismissed following a Section 522(f) lien avoidance. Section 349(b) specifically corrects any problem by reinstituting the lien. Nonetheless, some courts have been concerned with the practical problems of damage to the property during the years the Chapter 13 is pending. The Debtors attempt to distinguish these cases on the basis that they deal with the depreciating personal property; whereas, the case before the Court deals with real property. We find this distinction unnecessary. We do not find the cases above persuasive. We hold that the cases below are persuasive. See *Matter of Jordan,* 5 B.R. 59, 6 B.C.D.

630 (Bkrtcy.N.J.1980); *Matter of Polvino,* 4 B.R. 677 (Bkrtcy.W.D.N.Y.1980); *In re Ohnstad,* 6 B.C.D. 6 (Bkrtcy.S.D.1980); *Matter of Lantz,* 7 B.R. 77 (Bkrtcy.S.D. Ohio, W.D.1980).

McKeesport makes the additional argument that Section 1322(b)(2), which forbids the modification of a security interest where the only security is in the debtor's residence, is in conflict with Section 522(f)(1). The United States Court of Appeals for the Third Circuit has held that a judicial lien is not such a security interest within the meaning of the Bankruptcy Code. *In re Ashe,* 669 F.2d 105 (3rd Cir. 1982). If in fact the interest being avoided is secured by a mortgage, Section 1322(b)(2) may be applicable if value supports the mortgage. This is not a mortgage; it is a judicial lien.

Though the judicial lien is avoided, the claims of the creditors here must nonetheless be paid as unsecured claims pursuant to the Chapter 13 plan.

II. Does this Court have jurisdiction over this matter following the decision of the United States Supreme Court in *Northern Pipeline Construction Co. vs. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)?

This Court has held that it has continuing jurisdiction during the stay of the effective date of the order in the *Marathon* case. See *In re Nesbitt Corporation,* 27 B.R. 192 (Bkrtcy.W.D.Pa.1982). The United States Supreme Court on October 4, 1982 extended the effective date of the *Marathon* order until December 24, 1982. This Court has jurisdiction until that date.

An appropriate Order will issue.