In re David R. LINCOLN, Martha A. Lincoln, Debtors.

David LINCOLN and Martha Lincoln, Plaintiffs,

v.

BENEFICIAL FINANCE CO., Defendant.

Bankruptcy No. NG 82–00125.
Adv. No. 82–0120.

United States Bankruptcy Court, W.D. Michigan.

Nov. 23, 1982.

Chapter 13 Law Center, Steven J. Carpenter, Grand Rapids, Mich., for plaintiffs.

Warner, Norcross & Judd, Patrick E. Mears, Grand Rapids, Mich., for defendant.

OPINION AND ORDER

EXEMPTIONS—CHAPTER 13—LIEN AVOIDANCE UNDER SECTION 522(f)

DAVID E. NIMS, Jr., Bankruptcy Judge.

Plaintiffs filed a complaint to avoid a nonpossessory, nonpurchase-money security interest in household goods and other exempt personal property under 11 U.S.C. § 522(f). Defendant has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Bankr.R. 712(b).

This raises the simple issue:

Can a debtor in a Chapter 13 case under Title 11 of the United States Code avoid a lien under Section 522(f)?

Jurisdiction of the court over this matter is under 28 U.S.C. § 151 and 28 U.S.C. § 1471.

Although raised in other districts, this is the first instance in which the question has come before this court.

In applying any statute, a court must always keep in mind that "the legislative will is the all-important or controlling factor." 73 Am.Jur.2d *Statutes* § 145 (1974).

To determine the intent of Congress, the best place to start is with the Statute itself. 11 U.S.C. § 522(b) provides for exemptions as follows:

"Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; * * *"

The right to avoid certain liens is contained in 11 U.S.C. § 522(f):

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor

would have been entitled under subsection (b) of this section, if such lien is—

"* * *

"(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

"* * *

"(1) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt."

11 U.S.C. § 103(a) provides:

"Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11 or 13 of this title."

From the above provisions of the Bankruptcy Code, it seems clear that Congress intended that § 522 be applicable in cases under Chapter 13.

I can find nothing in the history of the Bankruptcy Code to indicate an intent that § 522 not apply in Chapter 13 cases. In one opinion, *In re Morgan,* 18 B.R. 17 (Bkrtcy.D. Del.1981), the court mentions that exemptions were allowed in the 1898 Act but that it was not until the 1930's that proceedings other than liquidation proceedings were provided for. But, the exemptions were allowed under the original Chapter XIII provided for in the Chandler Act which amended the 1898 Act in 1938. Pub.L. No.

840, 75th Cong., 52 Stat. 840. Section 637 Chapter XIII of that Act provided:

"The allowance of exemptions to a debtor shall be the same as provided for a bankrupt under this Act, and such exemptions shall be set aside to the debtor in like manner as provided for a bankrupt."

Nowhere in the legislative history do I find any intent by Congress to deny the right of exemptions to Chapter 13 cases. Congress was aware that § 103(a) made provisions of Chapters 1, 3 and 5 applicable to Chapter 13 cases unless expressly stated to the contrary. S.Rep. No. 95–989, 95th Cong.2d Sess. 140–141 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5926 for example states:

"Section 541 is expressly made applicable to chapter 13 cases by Section 103(a)."

Most of the cases decided by bankruptcy judges find that Chapter 13 debtors are entitled to exemptions and the rights provided under § 522(f). *In re Drummond,* 17 B.R. 494 (Bkrtcy.E.D.Ark.1981); *In re Cohen,* 13 B.R. 350 (Bkrtcy.E.D.N.Y.1981); *In re Canady,* 9 B.R. 428 (Bkrtcy.D.Conn.1981) (In this case the court found no equity in property); *In re Bowles,* 8 B.R. 394 (Bkrtcy. S.D.Ohio 1981); *In re Snow,* 8 B.R. 113 (Bkrtcy.S.D.Ohio 1980); *In re Hagerman,* 9 B.R. 412, 7 B.C.D. (C.R.R.) 542 (Bkrtcy.W.D. Mo.1981); *In re Brahm,* 7 B.R. 253 (Bkrtcy. S.D.Ohio 1980); *In re Jordan,* 5 B.R. 59 (Bkrtcy.D.N.J.1980); *In re Lantz,* 7 B.R. 77 (Bkrtcy.S.D.Ohio 1980); *In re Ohnstad,* 1 Collier Bankr.Cas.2d (M.B.) 494 (Bkrtcy.D. S.D.1980).

Two decisions that might seem to be contrary to the above cases, really are not. *In re Sands,* 15 B.R. 563 (Bkrtcy.M.D.N.C.1981) denied lien avoidance, the court stating at p. 565, "Even if an interpretation of § 522(f) does allow lien avoidance in Chapter 13 cases, it is not feasible or practical to apply this Code provision to the Chapter 13 plans which have been described." The court explained the practice of the court which was for the trustee and debtor to determine the amount the debtor could pay over a set period of time. Out of these

payments priority and secured claims would be first paid and the balance would be paid to unsecured creditors. Therefore, it would not matter to the debtor whether a lien were voided since he would pay the same amount. There was no impairment to the debtor. In our court, most plans would provide for a definite percentage of payment to the unsecured creditors. In this case the debtor proposes to pay unsecured creditors 15%.

In the other decision not actually in conflict with those allowing avoidance under § 522(f), *In re Macias,* 9 B.R. 225 (Bkrtcy.N. D.Ill.1981), the debtor filed his plan February 29, 1980, the plan was confirmed April 28, 1980, but the complaint to avoid the lien was not filed until September 10, 1980. The claim of the creditor was allowed as secured at $1,040 and as unsecured at $368. I would agree that in that case, the debtor waited too long. In our case the bankruptcy petition was filed January 15, 1982, and the complaint was filed January 26, 1982. Also, in our case, the debtors scheduled the claim of Beneficial as unsecured because of it being a non purchase money secured party on household goods. Beneficial was thus notified immediately that debtors were claiming a right to avoid its lien.

Two and perhaps three cases hold that a Chapter 13 debtor may not avoid a lien under § 522(f) because there was no right to an exemption and, perforce, no impairment. The court in *In re Aycock,* 15 B.R. 728 (Bkrtcy.E.D.N.C.1981), dismissed debtors' complaint to avoid a lien. While conceding that several bankruptcy courts had held that § 522(f) does apply in a Chapter 13 case, the court stated:

"Generally, Chapter 1, 3 and 5 of the Bankruptcy Code apply in a case under Chapters 7, 11 and 13. 11 U.S.C. § 103(a). However, the provisions of Chapter 13 apply only in a case under Chapter 13. 11 U.S.C. § 103(h). Where a specific provision of Chapter 13 conflicts with a general provision of Chapter 1, 3 or 5, the specific provision controls and should be interpreted as an exception to the general provision. * * *

" * * *

"Although Section 522(f) provides that the debtor may avoid the fixing of a lien on the debtor's interest in certain property, Section 1325(a)(5)(B) conflicts by mandating that the plan contain a provision for the retention of the lien of a nonaccepting holder of a secured claim, provided for in the plan, in order for the Court to confirm the plan."

While I agree that any specific provision in Chapter 13 overcomes provisions in Chapters 1, 3 and 5, as pointed out above, I cannot find any conflict. Neither do I find any conflict as to § 1325(a)(5)(B). Beneficial will not be a secured creditor once its lien is avoided and the plan does not consider it to be a secured creditor. I would agree, as indicated above, that once there has been a confirmation and no steps taken to avoid a lien, debtor will have waived his right to avoid the lien. It is possible that the bankruptcy judge was shocked in this case because the avoidance proceedings was on farm equipment valued at $16,500 under § 522(d)(5) and § 522(d)(6). But, in this court, at least at present, no voidance of liens to the amount allowed under § 522(d)(5) is allowed, *In re Hunter,* Adv. 80–0735 (Bkrtcy.W.D.Mich.1981). The court points out the difference in the dischargeability provisions in a Chapter 7 and Chapter 13 case. I am not sure as to the relevancy of this difference. Finally, it claimed that the sole purpose of the filing of the B–4 Schedule in a Chapter 13 case is to determine if the best interest of creditors test is met. Section 1325(a)(4). The only reference to this possibility is the note to Suggested Interim Rule 13001 (adopted by the U.S.Dist.Ct. for this District). That note states:

"Section 1325(a)(4) of the Code authorizes confirmation of a chapter 13 plan only if the distributions under the chapter 13 plan are equal to or greater than the distributions which would be available if the estate of the debtor were liquidated under chapter 7. Therefore, the court must know what exemption law the debtor would select and the property he

would claim as exempt if there were a chapter 7 liquidation. Completion of the Schedule B–4 of Form No. 6 is a convenient way of providing the court with this necessary information, and, therefore, subdivision (a) requires that the Chapter 13 Statement be accompanied by a completed Schedule B–4."

However, there is no other reference to this in the Draft of Proposed New Bankruptcy Rules—Comm. on Rules of Practice and Procedure of the Judicial Conf. of the U.S. (1982)—Official Form 10, question 13. The form is similar to Official Form 13–5 in which the Matthew Bender Collier Pamphlet Edition (1981) states, "1978 Bankruptcy Code—comment. This statement will suffice for a consumer debtor that is not engaged in business." The proposed form does not provide for exemptions claimed in a Chapter 7 case—it states, "value claimed exempt".

Another case which denies the right of a Chapter 13 debtor to an avoidance of lien is *In re Morgan,* 18 B.R. 17 (Bkrtcy.D.Del. 1981).* Here again the court states that there can be no impairment of an exemption in Chapter 13 since there is no exemption in a Chapter 13 case. I have already discussed the historical argument above. Here the court relies in part on the discussion in 3 Collier on Bankr. (15th Ed.1982) § 522.29. But 5 Collier on Bankr. (15th Ed.1982) § 1300.81 states:

"A chapter 13 debtor is entitled to claim the same exemptions allowed a chapter 7 debtor. Section 522 governs exemptions and provides greatly expanded federal exemptions which may be elected by a debtor in lieu of state exemptions. Since chapter 13 contemplates that the debtor is to retain both ownership and possession of all property of the estate, except as otherwise provided by the confirmed plan or by the order confirming the plan, exemptions are of less practical concern in chapter 13 proceedings than in liquidation cases under chapter 7. However, the debtor's avoiding powers and other rights granted under section 522 will be of importance in a chapter 13 case. The extended discussion of exemptions appearing in chapter 522, supra. should be consulted."

One other case may hold that § 522(f) is not available for use by a Chapter 13 debtor. *In re Corden,* 19 B.R. 552 (Bkrtcy.M.D. Fla.1982). The court relies on *In re Sands, supra.* As I have pointed out *Sands* only pertains to a special fact situation. However, the court in *Corden* seems to go further and indicates that § 522(f) relief is not available in any Chapter 13 case.

I am of the opinion that § 522(f) relief is available to Chapter 13 debtors. The whole history of the Code indicates an intent to so hold. Congress was obviously attempting to make Chapter 13 more attractive to debtors. There are some interests that would claim it was too liberal. It would be strange if it took away from debtors the right of exemption that they were expressly granted under Chapter XIII.

The right of an avoidance under § 522(f) aids the debtor in several ways. He need not pay the previously secured portion of his debt in full, he need not pay interest or adequate protection payments, he need not go to the expense of defending complaints for relief from stay. Occasionally a debtor able to present a feasible plan but for liens on otherwise exempt property may be required to abandon such property—and then, if a case is converted, the property is gone. While a debtor may retain possession of his property during a Chapter 13 proceedings, it is still property of the estate. It seems to me that these are all valuable exemption rights which are "impaired" by the lien. To impair is "to make worse, less valuable, or weaker; to lessen injuriously; to damage, injure." *Oxford Dictionary.* In *In re Sands, supra,* the court was disturbed by the fact that if a case was dismissed 4½ years after conversion, the security, furniture, would no longer be of value. But, this argument ignores the philosophy behind § 522(f). As stated in Report of the Commission on the Bankruptcy Laws of the United States H.R.Doc. No. 93–137, Part I, 93d Cong., 1st Sess. 169–170:

"The Commission is also of the opinion that nonpurchase-money security interests should not be enforceable as to items of property essential to a debtor's well-being, such as wearing apparel, which are of little or no value to a creditor, other than as a means of coercing payment."

In most instances, the only value of the exempt property is to the debtor. The only value to the creditor is the threat to remove the furniture, leaving the debtor with a bare house. The cost of court proceedings, removal and liquidation will usually exceed any possible monies received on a forced sale. Thus, if we allow a creditor to retain his lien under these circumstances, we are not only impairing the right of the debtor to his exemptions but we are giving the creditor a preferential treatment as to other creditors that he would not have in a Chapter 7 proceedings.

For the above reasons, I hold that a Chapter 13 debtor may exercise the avoidance rights under § 522(f).

Motion to dismiss is denied and this case will be set for trial.