**In re TRANSOUTH FINANCIAL CORPORATION, Appellant,**

v.

**Alvin Ray PARIS, Sr. and Mary Katherine Paris, Appellees.**

**Nos. C–82–2519–M, 82–20428.**

United States District Court, W.D. Tennessee, W.D.

Dec. 21, 1982.

Charles A. Walt, Memphis, Tenn., for appellant.

Phillip F. Counce, Memphis, Tenn., for appellees.

## MEMORANDUM OPINION AND ORDER

McRAE, Jr., Chief Judge.

Alvin Ray Paris, Sr., hereinafter referred to as debtor, commenced this cause by filing a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code on February 5, 1982. Subsequently, debtor filed a complaint pursuant to 11 U.S.C. § 522(f)(2)(A) against Transouth Financial Corporation to avoid a non-possessory, non-purchase money security interest in their household goods. After notice and a hearing, Mary Katherine Paris was added as a debtor and plaintiff in the suit to avoid the lien. The parties agreed to a Stipulation of facts which has been included in the record on this appeal. The Bankruptcy Court (Judge David Kennedy, presiding) granted debtor's request to avoid the lien, and Transouth Financial Corporation has appealed.

The relatively novel question raised on this appeal is whether Section 522(f) of the Bankruptcy Code applies in a Chapter 13 case. There has been no dispute in this case that the security interests involved herein are non-possessory and non-purchase money as to consumer goods and thus are avoidable under Section 522(f) if it applies to Chapter 13. For this reason the Court need not detail the facts of the instant case on appeal.

█ Section 522, found in Chapter 5 of the Bankruptcy Code, establishes the federal exemptions, provides for state exemption opt-out provisions, and also, *inter alia,* provides for lien avoidance. That subsection states that

[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impair an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a non-possessory, non-purchase money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books or tools of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

11 U.S.C. § 522(f) (1979). This section applies even though Tennessee has opted out of the federal exemption scheme of the Code. *In re Farris,* 8 B.R. 186 (Bkrtcy.E.D. Tenn.1981). In short, this section allows the debtor to avoid certain liens to the extent the lien impairs an exemption otherwise provided on the property, notwithstanding any waiver of exemptions.

█ This court finds several strong bases supporting Judge Kennedy's conclusion that section 522(f) applies in a Chapter 13 case. First, Judge Kennedy faithfully followed the legislative history of the Bankruptcy Reform Act of 1978. That legislative history indicates that the major concerns in regard to consumer debtors were that "(o)verbroad security interests on all of a consumer's household and personal goods, reaffirmations, limited state exemption laws, and litigation over dischargeability of certain debts have all contributed to the consumer debtor's post-bankruptcy plight." H.R.Rep. No. 595, 95th Cong., 1st Sess. 117 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6077. In passing the Reform Act,

Congress explicitly sought to simplify, expand, and make more flexible wage earner plans (called plans for Individuals with Regular Income); to change many provisions of the then existing bankruptcy law enabling private action to undo the beneficial effects of bankruptcy; and to give the debtor "adequate exemptions and other protection to ensure that bankruptcy will provide a fresh start." *Id.* at 117–118, U.S.Code Cong. & Admin.News 1978, p. 6078.

In its discussions regarding the "fresh start" policy, the House Report criticized the overuse of the non-purchase money lien on household items by creditors. Noting that "such commodities may never [come] close to off-setting the credit liability secured thereby" and that such items often had intangible value for family members and that the threat to seize these items demoralized and debilitated debtor without any corresponding benefit to them or much to the creditors, the House Report concluded with the recommendation

> that in preparing a floor with respect to certain property in consumer inventory, the Committee consider spelling out certain kinds of property which all consumers will be able to retain in bankruptcy without qualification. The list should include, at the very least, those household necessities which may be shown to have little or no economic value to creditors and which are of paramount importance to a consumer and his family. Such property should survive liens of all types.

*Id.* at 171–72, U.S.Code Cong. & Admin. News 1978, pp. 6132–6133. After noting that such blanket security interests coupled with boilerplate exemption waivers were often signed by the debtors, in ignorance of the consequences, Congress declared further that Section 522(f) permits the invalidation of non-purchase money security interests in household goods so that any unfair advantage a creditor may have is eliminated. H.Rep. No. 595, 95th Cong., 1st Sess. 127 (1977).

■ This Court finds that in none of the discussions of the abuse of blanket liens on household goods does the legislative history differentiate between liquidation and wage earner plans. It is clear that the "fresh start" policy embodied in the Code applies equally to Chapter 13 as it does to Chapter 7. It would be incongrous to deny debtors using rehabilitation plans, rather than liquidation, the same avoiding powers available to Chapter 7 debtors in order to provide the "fresh start" policy embodied throughout the Code.

■ Section 103 of the Code states that "[e]xcept as provided in section 1161 of this title, Chapters 1, 3 and 5 apply in a case under 7, 11, or 13 of this title." 11 U.S.C. § 103(a) (1979). As the legislative history itself indicates, "[t]he general provisions that apply no matter which chapter a case is filed under are found in Chapters 1, 3 and 5." S.Rep. No. 989, 95th Cong., 2d Sess. 28 (1978); H.Rep. No. 595, 95th Cong., 1st Sess. 316 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5814, 6273. See also S.Rep. 989, 95th Cong., 2d Sess. 3 (1978); H.Rep. No. 595, 95th Cong. 1st Sess. 6 (1977).

The majority of courts that have addressed this issue have held that Section 522(f) of the Code is made applicable to a Chapter 13 case by section 103(a). See, for example, *In re: Ohnstad,* 6 B.C.D. 6 (Bkrtcy.D.S.D.1980); *In the Matter of Jordan,* 5 B.R. 59, 2 C.B.C.2d 635 (Bkrtcy.D.N. J.1980): *In the Matter of Primm,* 6 B.R. 142, 2 C.B.C.2d 1170 (Bkrtcy.D.Kan.1980); *In the Matter of Brahm,* 7 B.R. 253, 3 C.B.C.2d 463 (Bkrtcy.S.D.Ohio 1980); *In re: Snow,* 8 B.R. 113 (Bkrtcy.S.D.Ohio 1980); *In the Matter of Lantz,* 7 B.R. 77 (Bkrtcy.S. D.Ohio 1980); *In re: Canady,* 9 B.R. 428, 4 C.B.C.2d 113 (Bkrtcy.D.Conn.1981); *In re: Hagerman,* 9 B.R. 412, 4 C.B.C.2d 202 (Bkrtcy.W.D.Mo.1981); and *In the Matter of Mattson,* 20 B.R. 382 (Bkrtcy.W.D.Wis. 1982).

Although three courts have held that a Chapter 13 debtor is not entitled to claim exemptions, *In the Matter of Aycock,* 15 B.R. 728, 5 C.B.C.2d 856 (Bkrtcy.E.D.N.C. 1981); *In the Matter of Sands,* 15 B.R. 563, 8 B.C.D. 424 (Bkrtcy.M.D.N.C.1981); and *In re: Corden,* 19 B.R. 552, 6 C.B.C.2d 594 (Bkrtcy.M.D.Fla.1982), this Court agrees with the reasoning of the only District

Court which has addressed the instant question: *Baldwin v. Avco Financial Services,* 22 B.R. 507 (D.C.D.Del.1982). In *Baldwin,* District Court Judge Murray Schwartz concluded that section 522(f) applies in a Chapter 13 case based not only on the relevant legislative history but also because other authorities, including 5 *Collier on Bankruptcy* ¶ 1300.81 (15th ed. 1981), indicate that Section 522(f) permits the debtor to protect his household goods against creditors who could otherwise repossess them. Judge Schwartz found further that "[a] finance company's threat of seizure of exempt property to force a reaffirmation of a debt gives a hollow ring to the 'fresh start' promise of the bankruptcy laws," 22 B.R. at 509–510, and that to disallow this exemption in a Chapter 13 case would inequitably make filing for a Chapter 7 liquidation more attractive.

Appellant's argument that the application of Section 522 to a Chapter 13 case conflicts with Section 1325(a)(5)(B) is unfounded. Section 1325(a)(5)(B) does require the Court to confirm a plan under Chapter 13 if certain criteria are met; that section requires that the holder of "each allowed secured claim" retain the lien securing such claim. However, a simple reading of section 1325(a)(5)(B) reveals no conflict with the application of Section 522(f) to a Chapter 13 case due to section 103(a). The lien retention requirements of section 1325(a)(5)(B) is only applicable "with respect to each allowed secured claim." After a lien is avoided under section 522(f), it is not an "allowed" secured claim provided for by the plan. See, e.g., *In re Hagerman, supra;* and Lee, *Chapter 13 nee Chapter XIII,* 53 Am. Banker, L.J. 303, 307, 312 (1979).

A fourth and final basis for Judge Kennedy's decision is that, as a matter of policy, the wage earner's exemptions are important to a Chapter 13 plan. First, the Court must know the value of the exemptions in order to apply the best interests of creditors' test found in § 1325(a)(4) prior to confirmation of a plan. Second, this best interest test, taking into account the debtor's exemptions, must also be applied to any attempt to modify the plan under § 1329.

Third, exemptions may be important should the debtor's waiver of discharge envisioned by § 1328(a) be executed. Fourth, should the wage earner obtain a hardship discharge under § 1328(b), the exemptions must be considered by the Court in its determination as to whether the test of § 1328(b)(2) has been met. Finally, should a hardship discharge be granted, the discharge is only as to unsecured debts and the debtor would again be in a reaffirmation posture as to those debts secured by the nonpurchase money security interests in household goods. As observed in Collier, *supra,* merely because the exemptions are of less practical concern in Chapter 13 due to the fact § 1306 allows retention by the debtor of all property of the estate, does not mean no exemptions may be claimed.

In conclusion, this Court finds Judge Kennedy's decision to be supported by the legislative history of, the majority of case law interpreting, and the policies supporting Section 522(f). Accordingly, this Court holds that Section 522(f) may apply to a Chapter 13 case and the Bankruptcy Court's decision is affirmed.

IT IS SO ORDERED.