In the Matter of Anthony R. RASMUS, III, et al., Debtors.

Anthony R. RASMUS, III, et al., Plaintiffs,

v.

ASSOCIATES FINANCIAL SERVICES COMPANY OF FLORIDA, INC., Defendant.

Bankruptcy No. 82–1999.
Adv. No. 82–1040.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 21, 1983.

R. Lawrence DeFrances, Sarasota, Fla., for plaintiffs.

Larry Foyle, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration upon a Motion for Summary Judgment filed by Anthony R. Rasmus, III and Victoria A. Rasmus, the Chapter 13 Debtors and Plaintiffs in the above-styled adversary proceeding. This adversary proceeding was commenced by a Complaint to Avoid Lien filed by the Debtors who seek to avoid a non-purchase money security interest in household goods pursuant to Bankruptcy Code § 522(f). The parties stipulated that there are no issues of material fact and the undisputed facts may be summarized as follows:

On or about May 6, 1982, the Debtors borrowed $2,500 from Associates Financial Services Company of Florida (Associates), executed a waiver of exemption of certain property and granted a security interest in certain personal property, including household furnishings, appliances, books and musical instruments. On September 27, 1982, the Debtors filed a voluntary petition for relief pursuant to Chapter 13 and on December 20, 1982, commenced this adversary proceeding seeking to avoid Associates' lien based on the contention that the lien impairs exemptions to which the Debtors would be entitled under § 522(b). The Debtors subsequently filed this Motion for Summary Judgment seeking a judicial determination as a matter of law that (1) § 522(f) is applicable in Chapter 13 cases

and (2) it is within the Debtors' province to determine which of their personal property shall be designated as exempt pursuant to Art. X, § 4 of the Florida Constitution.

Associates contends that despite the language of § 103 of the Bankruptcy Code which provides that the Chapters of general applicability, i.e. 1, 3 and 5 shall apply to the operating chapters, § 522(f) is not available to a Chapter 13 Debtor. First, Associates contends that § 522(f)(2)(A) directly conflicts with § 1325(a)(5) and that the general rules of statutory construction mandate that specific provisions must prevail over conflicting general provisions. *Matter of Aycock,* 15 B.R. 728, 5 C.B.C.2d 856 (Bkrtcy.E.D. NC 1981). In addition, Associates asserts that since a Chapter 13 Debtor keeps all of his property and claims no exemptions, § 522(f) is inapplicable because the Debtor has no exemptions which are impaired by a lien. *Matter of Sands,* 15 B.R. 563, 5 C.B.C.2d 832 (Bkrtcy.M.D. NC 1981).

Bankruptcy Code § 103(a) provides:

"Except as provided in § 1161 of this title, Chapters 1, 3 and 5 of this title apply in a case under Chapter 7, 11 or 13 of this title."

As stated in the legislative history, "[t]he general provisions that apply no matter which chapter a case is filed under are found in Chapters 1, 3 and 5. Subsection (a) makes this explicit, . . ." *S.Rep. No. 989, 95th Cong., 2d Sess. 28 (1978); H.Rep. No. 595, 95th Cong., 1st Sess. 316 (1977), U.S. Code Cong. & Admin.News 1978 pp. 5785, 5814, 6273.* While there exists a split of authority regarding the applicability of § 522(f) to Chapter 13 by virtue of § 103(a), the majority of the Courts have held that a Chapter 13 debtor is entitled to employ § 522(f) to avoid secured liens on personal property to the extent that they impair exemptions. *Transouth Financial Corp. v. Paris,* 26 B.R. 184, 186 (D.C.W.D. Tenn.1982); *In the Matter of Mattson,* 20 B.R. 382 (Bkrtcy.W.D.Wisc.1982); *In re Hagerman,* 9 B.R. 412 (Bkrtcy.W.D.Mo. 1981); *In re Canady,* 9 B.R. 428 (Bkrtcy.D. Conn.1981); *In the Matter of Primm,* 6 B.R. 142 (Bkrtcy.D.Kan.1980); *In the Matter of Jordan,* 5 B.R. 59 (Bkrtcy.D. NJ 1980); *In re Ohnstad,* 6 B.C.D. 6 (Bankr.D. SD 1980); cf. *In re Corden,* 19 B.R. 552 (Bkrtcy.M.D. Fla.1982); *In the Matter of Sands,* 15 B.R. 563 (Bkrtcy.M.D. NC 1981); *In the Matter of Aycock,* 15 B.R. 728 (Bkrtcy.E.D. NC 1981). This Court is of the opinion and has consistently held that Chapters 1, 3 and 5 apply to the operating Chapters of the Code unless specifically excepted.

Further, this Court finds no merit in the contention that the § 522(f) conflicts with § 1325(a)(5), a more specific provision of the Code, which pursuant to the tenants of statutory construction, should be controlling. The United States District Court in and for the Western District of Tennessee addressed the identical issue in an opinion affirming an earlier decision of the Bankruptcy Court, and stated:

"... a simple reading of section 1325(a)(5)(B) reveals no conflict with the application of § 522(f) to a Chapter 13 case due to section 103(a). The lien retention requirements of section 1325(a)(5)(B) is only applicable 'with respect to each allowed secured claim.' After a lien is avoided under § 522(f), it is not an allowed secured claim provided for by the plan."

*Transouth Financial Corp. v. Paris, supra* at 187, see also, *In re Hagerman, supra.*

Finally, this Court rejects Associates contention that § 522(f) is inapplicable in Chapter 13 because a Chapter 13 Debtor is entitled to keep all of his property. This contention is a non-sequitur and bears no close analysis. It needs no elaborate discussion that to keep and retain household goods by a Chapter 13 debtor is no less important than it is to a Chapter 7 debtor who seeks relief under Chapter 13. This should be evident when one considers the policy aim of the Section, especially the rehabilitative aim of Chapter 13.

In light of the foregoing, there is no doubt that the Debtors are entitled to select that property which shall be treated as exempt and by virtue of § 522(f) avoid any

liens to the extent that they impair the exemption.

Inasmuch as this is a proceeding "arising in or under" Title 11 U.S.C., an order entered is deemed to be a dispositive order whether or not cast in the form of a final judgment and shall be operative and effective immediately upon entry by the Clerk of the Bankruptcy Court pursuant to Emergency Rule (d)(2) unless stayed by the Bankruptcy Judge or by a District Judge.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtors, Anthony R. Rasmus, III and Victoria A. Rasmus be, and the same hereby is, granted.