**In re Donald James COWART, Marilyn J. Cowart, Debtors.**

**Bankruptcy No. 84–508–BK–J–GP.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Oct. 12, 1984.

Lansing J. Roy, Keystone Heights, Fla., for debtor.

Jerry A. Funk, Jacksonville, Fla., trustee.

ORDER GRANTING CHAPTER 13 DEBTOR'S MOTION TO AVOID LIEN PURSUANT TO 11 U.S.C. § 522(f)(2)

GEORGE L. PROCTOR, Bankruptcy Judge.

This issue comes before the Court on the debtor's motion to avoid a lien under 11 U.S.C. § 522(f) in this Chapter 13 case and specifically upon the brief of the debtor urging this Court to recede from its position adopted in *In re Corden*, 19 B.R. 552 (Bkrtcy.M.D.Fla.1982), in which this Court held that such lien avoidance is unavailable to any Chapter 13 debtor. The Court has

determined that it is indeed appropriate to recede from that position. That holding was based largely on *In re Sands,* 15 B.R. 563, 8 B.C.D. 424 (Bkrtcy.M.D.N.C.1981). The rationale in *Sands,* adopted by this Court in *Corden,* is simply that the concept of exempt property is inapplicable to Chapter 13 cases, in that the Chapter 13 debtor does not surrender non-exempt property to the trustee, and thus exemptions, and by extension liens impairing exemptions, are of no importance to his case. This Court explicitly noted that § 103 of the Code makes the provisions of Chapters 1, 3, and 5, and thus, of course § 522(f), applicable to cases arising under Chapters 7, 11, and 13 of the Code but found that that general provision did not govern because of its conclusion that exemptions were insignificant in Chapter 13 cases.

This Court has now determined that it is appropriate to abandon that position in view of both the overwhelming trend of judicial authority in favor of the position that Chapter 13 debtors are entitled to avoid liens under § 522(f) and the Court's own rethinking of the issue.

Since the *Corden* decision, bankruptcy courts in *In re Thurman,* 20 B.R. 978 (Bkrtcy.W.D.Tenn.1982); *In re Coma,* 25 B.R. 103 (Bkrtcy.W.D.Penn.1982); *In re Lincoln,* 26 B.R. 14 (Bkrtcy.W.D.Mich. 1982); and *Transouth Financial Corp. v. Paris,* 26 B.R. 184 (Bkrtcy.W.D.Tenn.1982), have adopted the contrary position, as has our sister court in the Tampa Division of the Middle District of Florida, *Matter of Rasmus,* 34 B.R. 9, and the District Court for the District of Delaware in *Baldwin v. Avco Financial Services,* 22 B.R. 507 (1982). It now appears that the only courts still holding the position from which we now recede are this Court and the Bankruptcy Court for the Middle District of North Carolina.

Not only is the direction of the decisional trend clear, but the opinions in several of the cases cited persuade us that our previous analysis of the issue did not take into account all factors which support a conclusion that § 1305 of the Code makes applicable to Chapter 13 the provisions of § 522(f). While we do not deem them all to be equally persuasive, we will set forth the principal reasons which other courts have put forth in support of the significance of exemptions and lien avoidance in Chapter 13 cases. The value of the exemptions may be material in determining whether a plan or any subsequent modification meets the best interests test set out in § 1325(a)(4) of the Code, or may have impact on waiver of discharge as contemplated by § 1328(a), or a hardship discharge under § 1328(b), *In re Thurman, supra.* The threat of repossession of household goods (presumably after relief from the stay is granted) may encourage coerced reaffirmation agreements, *Baldwin v. Avco Financial Services, supra.* The chances of success of a plan may be enhanced by the ability to treat the debt as unsecured under a plan and by the loss of the ability of a creditor to bring a motion for relief from the automatic stay, *In re Lincoln, supra.* In our observation, the factors cited in *Lincoln* are the most likely to be of practical significance in this district.

Thus while we do not question that exemptions in general and lien avoidance in particular are of greater significance to the typical Chapter 7 debtor than to the typical Chapter 13 debtor, we can no longer cling to the rationale of *Corden* that they are of no effect in Chapter 13. With that premise no longer viable, there is no reason not to find that the general provision of § 103(a) of the Code, which makes Chapters 1, 3, and 5 of the Code applicable to Chapters 7, 11, and 13, should not be deemed controlling of the instant situation.

For the reasons set out *supra,* this Court recedes from its previously held and published position that a debtor under Chapter 13 might not utilize § 522(f) to avoid either (1) a judicial lien, or (2) a non-possessory, nonpurchase-money security interest in the categories of property set forth in parts (A), (B), and (C) of that subsection.

The debtor has presented uncontradicted testimony to support his motion.

It is, therefore, ORDERED that the lien of Fleet Financenter on exempt property of the debtor is avoided pursuant to 11 U.S.C. § 522(f)(2).