**In re William BOWLES, Tressie Bowles, Debtors.**

**Bankruptcy No. 2–80–04086.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Jan. 5, 1981.

Les Swinford, Jr., Columbus, Ohio, for Avco Financial Services of Ohio.

Melinda J. Hill, Columbus, Ohio, for debtors.

Frank Pees, Worthington, Ohio, trustee.

## OPINION ON APPLICATION TO AVOID LIEN

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the merits of an Application to Avoid Lien filed by the debtors on October 28, 1980. The creditor, Avco Financial Services of Ohio, objected to the application and the matter was heard by the Court.

The Court finds the following facts. The debtors borrowed $2,646.48 plus interest from Avco in November, 1978. At the same time they signed a security agreement which gave Avco a security interest in all household goods owned by the debtors as of that date. On October 28, 1980, the debtors filed their petition and plan under Chapter 13 of the Bankruptcy Code and also filed an Application to Avoid Avco's lien, asserting that the lien could be avoided pursuant to 11 U.S.C. § 522(f) as a nonpurchase-money, nonpossessory security interest in consumer goods impairing an exemption to which the debtors are entitled. Avco has challenged the lien avoidance application on several

grounds: (1) that such an avoidance must be accomplished through the filing of an adversary proceeding pursuant to Rule 13 701 of the Rules of Bankruptcy Procedure; (2) that such an avoidance cannot be granted in Ohio because the provisions of Ohio Revised Code § 2329.66.1(C) prohibit such avoidance; and (3) that, in the context of a Chapter 13 proceeding, 11 U.S.C. § 1325(a)(5)(B)(i) conflicts with 11 U.S.C. § 522(f) and mandates lien retention for its claim.

■■■ This Court finds that an application is sufficient to effect a lien avoidance action pursuant to 11 U.S.C. § 522(f). This issue has previously been discussed in *In re Hall*, No. 2–80–01579 (S.D.Ohio, November 5, 1980) (unreported decision of Kelleher, B. J.), with which this Court is in agreement. Bankruptcy Rule 13–701, like Rule 701, does not specifically mandate an adversary procedure for lien avoidance pursuant to § 522(f) as this remedy was not available at the time the Rules of Bankruptcy were formulated and was therefore not contemplated by the rule. Rule 13–701, which mandates an adversary proceeding for the determination of the validity, priority or extent of a lien, does not apply where the lien is stipulated, and only its effect in a bankruptcy proceeding is under consideration. Whether a revised version of Rule 13–701(2) will be drafted to include a § 522(f) proceeding is not yet clear, but at the present time it does not mandate that lien avoidance be accomplished only by the filing of an adversary proceeding. Procedural due process has been followed in this case—all interested parties have received proper notice of the application, and of the hearing held thereon. No purpose would be served by now requiring the debtors to file an adversary proceeding.

The next issue concerns the effect of Ohio Revised Code § 2329.66.1(C) upon the availability of the remedy contained in 11 U.S.C. § 522(f) for debtors residing in Ohio. Ohio Revised Code § 2329.66.1, relied upon by Avco, states in relevant part:

"Section 2329.66 of the Revised Code does not affect or invalidate any sale, contract of sale, conditional sale, security interest, or pledge of any personal property, or any lien created thereby." O.R.C. § 2329.66.1(C)

Ohio Revised Code § 2329.66 is the section of Ohio law which sets out the exemptions available to debtors in Ohio. Ohio, pursuant to 11 U.S.C. § 522(b), has opted out of the federal exemptions contained in § 522(d) and has chosen to make only the state exemptions contained in O.R.C. § 2329.66 available to debtors. Avco is contending that such a choice by the state incorporates O.R.C. § 2329.66.1(C) with its provision that no exemption shall affect or invalidate any security interest or any lien created thereby. Avco then asserts that O.R.C. § 2329.66.1(C) effectively prohibits use of the remedy in § 522(f) for debtors residing in Ohio.

■■■ This Court agrees with the other decisions of the Southern District of Ohio, Eastern Division, in which the court has held that O.R.C. § 2329.66.1(C) does not operate to foreclose for debtors the availability of the lien avoidance mechanism of 11 U.S.C. § 522(f). See *In Re Hall*, No 2–80–01579 (S.D.Ohio, November 5, 1980) (unreported decision of Kelleher, B. J.) and *In Re Phillips*, No. 2–80–00874 (S.D.Ohio, October 8, 1980) (unreported decision of Pettigrew, B. J.). This view is the majority view in Ohio at this time and best fits into the legislative purpose of the Bankruptcy Code. Section 522(f) was designed to provide relief for overburdened debtors from pro forma security interests typified by the non-purchase-money, nonpossessory security interest in consumer goods. The security interest normally is taken for the effect of the threat of repossession which it gives the creditor and not for its intrinsic value as security for a loan. The goods pledged to the creditor are typically worth only a small portion of the indebtedness, but the threat of repossession and the consequent cost of replacement serve as leverage to force repayment of the debt. H.R.Rep.No.95–595, 95th Cong., 1st Sess. 126–127 (1977) U.S. Code Cong. & Admin.News 1978, p. 5787. The purpose of providing an avoidance

mechanism for these liens to the extent to which they impair an exemption is to reinforce the "fresh start" policy which serves as a foundation for federal bankruptcy law. H.R.Rep.No.95–595, 95th Cong., 1st Sess. 362 (1977). Ohio Revised Code § 2329.66.-1(C), to the extent it conflicts with this philosophy, is overridden by the supremacy clause of the constitution and will be ineffective insofar as it purports to deny the availability of § 522(f) relief to debtors. U.S.Const. Art. VI. In addition, Congress, in authorizing states to opt for their own statutory exemption schemes in 11 U.S.C. § 522(b), did not authorize states to challenge or reduce the effectiveness of § 522(f). The grant of power to the states contained in § 522(b) does not extend to allowance of a prohibition on the operation of other sections of the Bankruptcy Code. See *In Re Phillips*, No. 2–80–00874 (S.D. Ohio, October 8, 1980) (unreported decision of Pettigrew, B. J.).

■ Avco's final assertion, that 11 U.S.C. § 1325(a)(5)(B)(i) conflicts with § 522(f) and thereby bars the use of the remedy contained in § 522(f) by Chapter 13 debtors faced with a rejecting secured creditor, is an assertion of first impression in this Court. Section 103(a) of the Bankruptcy Code provides that "Chapters 1, 3 and 5 of this title apply in a case under Chapter . . . 13 of this title." By this wording, § 522(f) becomes applicable in a Chapter 13 proceeding. The Chapter 13 debtor has the same right to claim exemptions as does the Chapter 7 debtor, and the avoiding powers and other rights contained in § 522 are important in the Chapter 13 context. 5 *Collier On Bankruptcy* § 1300.81 (15th ed.).

The Court finds that 11 U.S.C. § 1325(a)(5), which states that lien rights must be provided to a rejecting holder of an allowed secured claim, does not require that such lien rights must be provided to a creditor whose lien has been avoided through the use of § 522(f). If the lien has been successfully avoided pursuant to § 522(f), there will be no allowed secured claim, but the creditor will instead have an allowed unsecured claim for purposes of distribution in the Chapter 13 proceeding. As the holder of an allowed unsecured claim, the creditor has no vote and therefore has no right to reject the debtor's plan. Once the lien has been avoided, the creditor has only an allowed unsecured claim, and lien retention would not be applicable. If the status of the claim at the time of confirmation were that of an allowed secured claim with lien retention provided because of the claim holder's rejection of the plan, a subsequent avoidance of the lien through the mechanism of 11 U.S.C. § 522(f) serves to change the nature of the claim from that of an allowed secured claim to that of an allowed unsecured claim and the lien rights would no longer be applicable. Section 522(f) overrides the allowed secured status of a claim holder in a Chapter 13 proceeding and does not conflict with § 1325(a)(5) or with § 506.

Based upon the above findings, the Court finds that the Application to Avoid Lien filed by these debtors is meritorious and the same is hereby granted. An order in conformity with this finding shall be entered.