In the Matter of Victor T. MACIAS and Juanita Marie Macias, Debtors.

Victor T. MACIAS and Juanita Marie Macias, Plaintiffs,

v.

CREDITHRIFT OF AMERICA, INC., Defendant.

Bankruptcy No. 80 B 00212.
Adv. No. 80 A 0190.

United States Bankruptcy Court, N. D. Illinois, W. D.

Feb. 20, 1981.

Stephen Balsley, Rockton, Ill., for Credithrift.

Rolland McFarland, Rockford, Ill., for debtors.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of Credithrift of America, Inc., to Dismiss the Complaint to Avoid Lien filed by the Debtors, Victor T. Macias and Juanita Marie Macias. Credithrift is represented by Attorney Stephen Balsley. The Debtors are represented by Attorney Rolland McFarland.

## BACKGROUND

The Debtors' Chapter 13 Plan was filed on February 29, 1980. Credithrift timely filed its Proof of Claim as a secured creditor. In accordance with the classification procedure of the Chapter 13 Trustee, James Kohlhorst, on March 27, 1980, the Credithrift claim was ordered classified at $1040 secured, $368 unsecured.

On April 28, 1980, the plan was confirmed with the claim of Credithrift classified as set forth above. On September 10, 1980, the Debtors filed their Complaint to Avoid the Lien of Credithrift under Section 522 of the Bankruptcy Code.

## ANALYSIS

The sole question presented to the Court is whether a Chapter 13 Debtor may, after confirmation, avoid a creditor's lien under Section 522, thereby transforming such creditor from secured to unsecured status.

There are no reported cases, but it is no small matter. Under the confirmed plan Credithrift would be paid 100% of $1040 as a secured creditor, and 1% of $368 as an unsecured creditor. If the lien may now be avoided, the entire claim is rendered unsecured and Credithrift will be paid only 1% of $1408.

 There presently exists no rule requiring that a Complaint to Avoid Liens be filed within a specified time limit. In a Chapter 13 case good practice requires the filing of such a complaint simultaneously with the Voluntary Petition initiating the case. It strikes this Court as unfair and patently impermissible to permit a debtor to lull a creditor into acceptance of a plan on the basis that he will be treated as secured, then after confirmation transform the secured claim to unsecured. The rights of the parties become fixed on confirmation. Thereafter they cannot be rearranged by a Complaint to Avoid Liens.

An Order consistent with this Memorandum Opinion is filed herewith.