**In re Jeffrey Allen MORGAN, Lorraine Agnes Morgan, Debtors.**

**Jeffrey Allen MORGAN, Lorraine Agnes Morgan, Plaintiffs,**

v.

**HOUSEHOLD FINANCE CORPORATION, Defendant.**

Bankruptcy No. 81–251.
Adv. No. 81–68.

United States Bankruptcy Court, D. Delaware.

Nov. 18, 1981.

Barbara James, Atty., UAW Legal Services Plan, Newark, Del., for debtors/plaintiffs.

Elwyn Evans, Jr., Wilmington, Del., for defendant.

HELEN S. BALICK, Bankruptcy Judge.

I have held in the case of Robert and Patricia Baldwin, Case No. 81–204, that § 522 is inconsistent with the provisions of Chapter 13. Section 103 does state that Chapters 1, 3 and 5 are applicable in bankruptcy proceedings filed under Chapters 7, 11 and 13. But, the legislative history reveals that they are applicable only to the extent they are not inconsistent with the specific chapters themselves.

Consequently, this complaint is dismissed.

Household Finance Company being a party in the Baldwin matter is familiar with the court's reasoning. Miss James is not. So I will read into this record my comments made in open court at the hearing on the Baldwin case.

Ever since bankruptcy statutes became something other than penal in nature, exemptions have been allowed. We must remember, however, that until the 1930's, the only kinds of bankruptcy statutes were those that provided for liquidation. The policy for exemptions is to prevent debtors from becoming destitute or wards of the state.

In a Chapter 13, as presently structured, the property of a debtor, although it is property of the estate so long as the case is open, remains in the debtor's possession. Exemptions become important when the debtor is permitted to keep only what is deemed to be exempt; that is, what is necessary for the debtor and his family to survive. In a Chapter 13, if the debtor remains in possession, there are provisions for the handling of secured creditors and so long as those provisions are adhered to, a debtor will not be harassed or relieved from the use of any of his essential property during the course of a Chapter 13.

Section 522 is inconsistent with the provisions of Chapter 13. Exemptions are not allowable within a Chapter 13 proceeding; therefore, no part of that section is available to a Chapter 13 debtor.

The only remote suggestion I can find within Collier's that might lead anyone going to that treatise to believe § 522 was applicable to a Chapter 13 is within § 522.-29, the second paragraph, next to the last sentence which says: "The avoiding power of subsection (f) is independent of any exemption" with a footnote to the House Report # 595 and Senate Report # 989, U.S. Code Cong. & Admin.News 1978, p. 5787. The Senate Report is of no help. The

House Report indicates that what was meant is the avoiding power is independent of any waiver of exemptions, which is different from what is suggested in the text of Collier's where the report is cited. Collier's went on to explain that even though a debtor in a Chapter 7 elects or is required to take a state exemption, § 522(f) is applicable.

Another source indicating § 522 is not applicable in a Chapter 13 proceeding is IR 13001. It states that the schedule of exempt property must be attached to the Chapter 13 statement so that the computations required under § 1325 could be made and it could be determined what property would be—and I quote: "which would be selected and the property which would be claimed as exempt if the debtor's estate were liquidated under Chapter 7 of the Bankruptcy Code."

For purposes of this adversary proceeding and so long as this case remains a Chapter 13, the debtor is not entitled to an exemption. Not being entitled to an exemption, there can be no avoidance of liens under § 522(f).

An order will be entered today.