In the Matter of Joseph A. **BABINEAU** and Ila M. Babineau, Debtors.

**ASSOCIATES FINANCIAL SERVICES COMPANY OF FLORIDA, INC., Plaintiff,**

v.

Joseph A. **BABINEAU,** Ila M. Babineau and Jary C. Nixon, Trustee, **Defendants.**

Bankruptcy No. 81–1272.
Adv. No. 82–0016.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

Sept. 9, 1982.

Domenic Massari, Tampa, Fla., for plaintiff.

Chris C. Larimore, Bradenton, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM OPINION AND FINAL JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case and the matter under consideration is a complaint to modify the stay filed by the Plaintiff, Associates Financial Services Company of Florida, Inc. (Associates), against the Defendants, Joseph A. Babineau, Ila M. Babineau and Jary C. Nixon, Trustee.

In Count I of the complaint, Associates seeks relief from the automatic stay in order to proceed against the collateral or in the alternative, seeks adequate protection. In Count II, Associates seeks to value its collateral pursuant to § 506(a) of the Bankruptcy Code in order to establish the amount of its secured and unsecured claim, in the event valuation establishes a deficiency.

The facts germane to the resolution of this controversy can be summarized as follows:

On December 19, 1980, the Debtors and Associates entered into a loan security agreement whereby Associates agreed to loan to the Debtors the sum of $12,499.98 and the Debtors granted a lien in their household goods to Associates. Pursuant to that agreement, Associates perfected its lien by properly filing a UCC–1 financing statement with the Florida Secretary of State securing the Debtors' household goods. Subsequently, the Debtors defaulted under the terms of that agreement by failing to make the payments as they became due.

It is the contention of Associates that the Debtors lack equity in the collateral and the collateral is not essential to a successful Chapter 13 reorganization, therefore, by virtue of § 362(d)(2) of the Code, the automatic stay should be lifted and Associates should be permitted to proceed against its collateral. In due Course, the Debtors filed their answer and as affirmative defense, asserted that Associate's lien is a voidable lien pursuant to § 522(f) of the Bankruptcy Code in that the obligation is a non-purchase money, non-possessory lien on exempt household goods and furnishings of the Debtor. Associates admits that the Debtors are entitled to claim its collateral as exempt but argues that inasmuch as the Debtors' Chapter 13 plan was confirmed on August 18, 1981, the Debtors should not be permitted to utilize the lien avoidance power granted by § 522(f), citing *Macias v. Credithrift of America, Inc.,* 9 B.R. 225, 7 B.C.D. 360 (Bkrtcy. N.D. Ill. 1981). More particularly, the Plaintiff argues that it is patently unfair to permit the Debtors to lull a creditor into acceptance of a plan on the basis that he will be treated as a secured creditor and then after confirmation transform the secured claim to an unsecured claim through the lien avoidance powers granted by § 522(f). The essence of this argument is that the rights of the parties become fixed upon confirmation and thereafter cannot be modified by a complaint to avoid a lien.

In *Macias,* the Debtors filed a Chapter 13 Plan which included and dealt with the claim of Credithrift of America, Inc. Credithrift's claim was later classified as partially secured and partially unsecured, and the Debtors' Plan was confirmed. Five months after confirmation, the Debtors filed a complaint to avoid the lien of Credithrift under § 522(f). *Macias* is inopposite and distinguishable from the matter under consideration. In this case, the claim of Associates

was not dealt with by the Plan, but rather all payments to Associates were to be made outside of the Debtors' Plan. Inasmuch as neither the Code nor the Interim Bankruptcy Rules fix a bar date for filing an action under § 522(f) for lien avoidance of non-purchase money and non-possessory liens, there is no valid reason why a Chapter 13 debtor should not be able to seek a lien avoidance so long as the Chapter 13 case is pending or at least prior to the expiration of the time allowed for a debtor to file a Chapter 13 plan.

Therefore, it appears appropriate to deny the relief requested by the Plaintiff and to permit the Debtor to file a complaint to avoid the lien of the Plaintiff in their household goods.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the relief prayed for in Count II be, and the same hereby is, denied without prejudice pending determination of the validity and extent of the security interest claimed by Associates. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtors shall have twenty days from the date of the entry of this Order to file a complaint pursuant to § 522(f) of the Code if it is so deemed to be advised. It is further

ORDERED, ADJUDGED AND DE-CREED that in the event the Debtors fail to file a complaint within the time fixed herein, Associates may apply, with short notice, to obtain relief from the automatic stay.