**In the Matter of Francis and Barbara SLYKERMAN, Debtors.**

**Francis and Barbara SLYKERMAN, Plaintiffs,**

v.

**ASSOCIATES FINANCIAL SERVICES and Credithrift of America, Defendants.**

**Bankruptcy No. 82–05245–B.
Adv. No. 82–2550.**

United States Bankruptcy Court,
E.D. Michigan, S.D.

Jan. 12, 1983.

Shermeta, Tardie, Givens, Justin, Chimko & Hocking, P.C. by Darryl J. Chimko, Rochester, Mich., for creditor.

Kenneth M. Schneider, Detroit, Mich., for debtors.

## MEMORANDUM

GEORGE BRODY, District Judge.

The question presented is whether section 522(f) is available to a chapter 13 debtor.

Francis and Barbara Slykerman (debtors) filed a chapter 13 proceeding, and during the pendency of the proceeding filed a complaint pursuant to section 522(f) to avoid a nonpossessory, nonpurchase-money security interest in certain designated household goods held by Associates Financial Services and Credithrift of America (creditor). The creditor opposes the relief requested, contending that section 522(f) is not applicable to a chapter 13 debtor.

Section 522(d)(3) provides that a debtor may claim as exempt the "debtor's interest, not to exceed $200 in value in any particular item, in household furnishings, household goods" and certain other designated property. 11 U.S.C. § 522(d)(3). Section 522(f)(2) permits a debtor to avoid a nonpossessory, nonpurchase-money security interest to the extent that the security interest impairs an exemption to which the debtor would be entitled in certain designated property. The goods claimed as exempt are subject to exemption by virtue of section 523(d)(3) and are the kind of goods designated in section 522(f)(2). The creditor's lien, therefore, is avoidable by the debtor unless section 522 is not applicable in a chapter 13 proceeding. The creditor contends that section 522 is not applicable since confirmation of a plan "vests all of the property of the estate in the debtor" and, therefore, there is no need for him to have the benefit of the exemption provisions of the Code. § 1327(b). This argument has no merit. Section 103 of the Code states that "[e]xcept as provided in section 1161[1] of this title, chapters 1, 3, and 5 of this title apply in a case under chapters 7, 11, or 13 of this title." If Congress had intended that section 522 not apply in a chapter 13 proceeding, it would have been simple to so provide. Congress did not do so. Moreover, there are justifiable reasons for not so providing. To confirm a chapter 13 plan, the court must find that unsecured creditors are receiving under the plan at least what they would receive if the debtor were liquidated under chapter 7. § 1325(a)(4). To make this finding, it is necessary to determine what exemptions would be available to the debtor if he had filed a chapter 7 proceeding. It is for this reason that Interim Bankruptcy Rule 13001 requires a chapter 13 debtor to indicate the property claimed as exempt. The purpose of this requirement is explained in the note accompanying the Rule:

> Section 1325(a)(4) of the Code authorizes confirmation of a Chapter 13 plan only if the distributions under the Chapter 13 plan are equal to or greater than

---

1. Section 1161 makes inapplicable certain designated provisions of the Code in a railroad reorganization case.

the distributions which would be available if the estate of the debtor were liquidated under Chapter 7. Therefore, the court must know what exemption law the debtor would select and the property he would claim as exempt if there were a Chapter 7 liquidation.

There is an additional reason why the exemption provisions of section 522 play a part in a chapter 13 proceeding. Section 1328(b) provides that the court may grant a discharge to a debtor who has not completed payments under a plan. Whether a debtor who has not completed payments under a plan is entitled to a discharge pursuant to section 1328(b) depends upon whether the payments made to unsecured creditors under the plan are at least the amount that they would have obtained in a liquidation under chapter 7. § 1328(b)(2). This determination obviously requires a consideration of the exemptions to which the debtor would have been entitled in a chapter 7 liquidation. *Thurman v. CIT Financial Services (In re Thurman)*, 20 B.R. 978 (Bkrtcy.W.D.Tenn.1982). A chapter 13 debtor, therefore, is entitled to claim the same exemptions allowed a chapter 7 debtor, and may avoid a nonpossessory, nonpurchase-money security interest in property which is subject to exemption under section 522(b) and is of the type designated in section 522(f)(2). *Lincoln v. Beneficial Finance Co. (In re Lincoln)*, 26 B.R. 14 (Bkrtcy.W.D.Mich.1982); *In re Drummond*, 17 B.R. 494 (Bkrtcy.E.D.Ark.1981); *Cohen v. Werner (In re Cohen)*, 13 B.R. 350, 7 B.C.D. (CRR) 1339 (Bkrtcy.E.D.N.Y.1981); *Retreat Investment Corp. v. Canady (In re Canady)*, 9 B.R. 428, 7 B.C.D. (CRR) 749 (Bkrtcy.D.Conn.1981); *Hagerman v. Dial Finance Co. (In re Hagerman)*, 9 B.R. 412, 7 B.C.D. (CRR) 542 (Bkrtcy.W.D.Mo.1981); *In re Bowles*, 8 B.R. 394 (Bkrtcy.S.D.Ohio 1981); *Household Finance Corp. v. Snow (In re Snow)*, 8 B.R. 113 (Bkrtcy.S.D.Ohio 1980); *Public Finance Corp. v. Lantz (In re Lantz)*, 7 B.R. 77, 7 B.C.D. (CRR) 371 (Bkrtcy.S.D.Ohio 1980); *Jordan v. Borda (In re Jordan)*, 5 B.R. 59, 6 B.C.D. (CRR) 630 (Bkrtcy.D.N.J.1980); *Associates Financial Services v. Ohnstad (In re Ohnstad)*, 1 C.B.C.2d (MB) 494 (Bkrtcy.D.S.D.1980).

Additionally, the creditor contends that if section 522(f) is given effect, it would be in conflict with section 1325(a)(5)(B) which requires that a plan must provide for the retention of the lien of a non-assenting secured claimant. *Aycock v. Heritage Bank (In re Aycock)*, 15 B.R. 728 (Bkrtcy.B.D.N.C.1981). This argument also has no merit. Section 1325(a)(5)(B) is applicable only "with respect to each allowed secured claim." § 1325(a)(5). The Code confers many avoiding powers on the debtor in addition to that conferred by section 522(f). If by virtue of the exercise of any such powers a creditor's security interest is avoided, the creditor no longer has an "allowed secured claim" and the debtor, therefore, has no obligation to comply with the provisions of section 1325(a)(5)(B) with respect to that creditor. *In re Thurman.*

An appropriate order to be submitted.