**In re Tommy Brian QUIDLEY, individually and t/a Waverly Equipment Service, Debtor.**

**Tommy Brian QUIDLEY, Plaintiff,**

**v.**

**SMALL BUSINESS ADMINISTRATION, Defendant.**

**Bankruptcy No. 83–00971–R.**

**Adv. No. 83–0274–R.**

United States Bankruptcy Court, E.D. Virginia. Richmond Division.

April 4, 1984.

James R. Sheeran, Richmond, Va., for plaintiff.

Stran L. Trout, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court upon the filing of a complaint to determine validity of lien and motion to avoid lien by the debtor, Tommy B. Quidley. A trial on the debtor's complaint was held on December 13, 1983. After taking evidence and listening to argument by both parties, this Court ruled that certain office equipment not the subject of this opinion was not exempt as tools of the trade and that any exemptions claimed by the debtor in property purchased with proceeds of the Small Business Administration (SBA) loan are inferior to the valid SBA security interest in such property. In addition, the Court took under advisement the question of whether a Chapter 13 debtor may utilize the provisions of 11 U.S.C. § 522(f) and whether certain other property claimed as exempt by the debtor is in fact tools and implements of his trade. The parties presented memoranda in support of their positions regarding the matters taken under advisement and after consideration thereof, the facts adduced at trial, and the applicable law, this Court renders the following opinion.

## STATEMENT OF FACTS

The following facts relevant to the Court's determination herein have been stipulated by the parties as follows:

1) Tommy Brian Quidley, the debtor, filed a Chapter 13 petition on June 16, 1983. The debtor was and is engaged as a sole proprietor in the business known as Waverly Equipment Service. The business of Waverly Equipment Service is a repair of heavy equipment used primarily in the logging and trucking industries.

2) On May 5, 1981 the Bank of Waverly made a loan, guaranteed by the SBA, to the debtor. Sometime after June 16, 1983, the Bank of Waverly looked to the SBA to perform under the guaranty arrangement and assigned its interest in the loan and security interest to the SBA.

3) At the time the loan was made a security interest was obtained by the Bank of Waverly and properly perfected. Among the property encumbered by the security interest was the following: a television set, four-piece living room suite, Baldwin organ, china cabinet, valve grinder, seat grinder, tool group, tool boxes, as well as all the debtor's furniture, fixtures, machinery, equipment, and inventory then owned or thereafter acquired.

4) Pursuant to Virginia law the debtor claimed as exempt his tools and utensils of trade and certain household goods. The value placed on the tools and utensils in the debtor's homestead deed was $13,772.50.

5) On September 16, 1983, the debtor filed a motion pursuant to 11 U.S.C. § 522(f) to avoid the SBA's claimed security interest in certain household goods and a complaint to determine the validity of the SBA lien in certain tools, machinery, and equipment owned by the debtor.

## CONCLUSIONS OF LAW

At the outset of these proceedings the SBA as assignee claimed a security interest in all of the debtor's inventory, equipment, machinery, certain vehicles, as well as some household goods owned by the debtor. The debtor has conceded that the SBA has a purchase-money security interest in the following items of personal property and, therefore, as to these items does not contest the SBA's lien: steam generator with sand blaster, fifty-ton press, engine stand, five-ton engine lift, transmission jack, wheel dolly, electric typewriter, filing cabinet, time clock, drill press, calculator, two fifty-foot hoses, two Nova lights, one 12 UT light, two power pullers, two tap and die sets, two 100-foot drop cords, a grinder, two desks, two chairs, and a storage cabinet.[1] Likewise, the SBA has conceded that it has no lien on the debtor's automotive equipment including certain vehicles.[2] In addition, this Court ruled from the bench on December 13, 1983 that (1) the debtor's exemptions claimed in property purchased with proceeds of the loan guaranteed by the SBA are inferior to the SBA's security interest and lien, and (2) that any office equipment not covered by the parties' stipulation is not and cannot be exempt property under Virginia law as tools or utensils of the trade. Finally, as to the alleged lien of the SBA on the debtor's household goods including the debtor's television set, a four-piece living room suite, a Baldwin organ, and a china cabinet, the SBA by agreement has relinquished any lien that it may have on that property except to the extent that such a lien may not be avoided by a Chapter 13 debtor.[3]

The areas of dispute having been narrowed both by agreement by the parties and by this Court in its earlier ruling, the Court is left with primarily two issues to be resolved. First, as a threshold issue this Court must determine whether the lien avoidance provisions of 11 U.S.C. § 522(f)(2) are available to Chapter 13 debtors. Second, if such lien avoidance provisions do inure to the benefit of Chapter 13 debtors, this Court must determine whether certain property constitutes tools and

---

**1.** *See* "Stipulated Uncontroverted Facts," p. 1.

**2.** *Id.*

**3.** *See* SBA's Memorandum, p. 2.

utensils of the trade pursuant to Virginia law and, therefore, serve as a basis for lien avoidance.

Those courts addressing the question of the applicability of § 522(f) in Chapter 13 proceedings have been unable to arrive at a consistent resolution of the problem. *Compare Baldwin v. Avco Financial Services,* 22 B.R. 507 (D.Del.1982) (holding that § 522(f) applies in Chapter 13 cases) *with In re Aycock,* 15 B.R. 728 (Bkrtcy.E.D.N.C.1981) (holding that § 522(f) does not apply in Chapter 13 cases). In addition, no United States Circuit Court of Appeal has provided any guidance on this issue at present.

■ In light of the rather clear and unequivocal language of 11 U.S.C. § 103(a) which provides:

(a) except as provided in § 1161 of this Title, Chapters 1, 3, and 5 of this Title apply in a case under Chapter 7, 11, or 13 of this Title, . . . .

and in following the majority of cases addressing this question,[4] this Court holds that a Chapter 13 debtor may utilize the lien avoidance provisions of § 522(f). This Court recognizes some of the rather cogent arguments set forth by the court in *In re Aycock,* however, this Court holds that any uncertainty or inconsistency must be resolved with an eye towards the fresh start policy of the Bankruptcy Code and remedial nature underlying § 522(f). When in doubt such conflicts or inconsistencies should be resolved by giving a broad interpretation of remedial statutes such as § 522(b) and § 522(f). Such is clearly the law in Virginia with respect to exemption statutes. *See, e.g., Goldberg v. Salyer,* 188 Va. 573, 50 S.E.2d 272 (1948).

■ Having held that the debtor in the instant matter may utilize the provisions of § 522(f) this Court must now determine whether the debtor may avoid the lien on certain property which remains disputed by the parties. Section 522(f) provides:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

In the instant matter, the debtor seeks to avoid a nonpossessory, nonpurchase-money security interest in implements and tools of the trade of the debtor pursuant to § 522(f)(2)(B). In order to prevail in such a lien avoidance action, the debtor (1) must have an interest in the property; (2) the lien must impair an exemption to which the debtor would have been entitled under subsection (b) of § 522; (3) the lien must be a nonpossessory nonpurchase-money security interest; and (4) such lien must be implements, professional books, or tools of the trade of the debtor or the trade of the dependent of the debtor.

The debtor clearly has an interest in the property at issue here because the debtor is the owner of said property and as a Chapter 13 debtor the debtor may retain possession of such property. 11 U.S.C. § 1306(b). Whether the SBA's lien impairs an exemption to which the debtor would have been entitled to under subsection (b) of § 522 depends on an interpretation of state law because Virginia has "opted out"

---

**4.** *See, e.g., In re Slykerman,* 29 B.R. 82 (Bkrtcy.E.D.Mich.1983); *In re Hagerman,* 9 B.R. 412 (Bkrtcy.W.D.Mo.1981); *In re Lantz,* 7 B.R. 77 (Bkrtcy.S.D.Ohio 1980); *In re Ohnstad,* 6 B.C.D. 6 (Bkrtcy.D.S.D.1980). See also *In re Babineau,* 22 B.R. 936 (Bkrtcy.M.D.Fl.1982).

of the federal exemption schedule. *Va. Code* § 34–3.1 (Repl.Vol.1983). Under Virginia law, if the debtor is a mechanic pursuant to *Va.Code* § 34–26 he may exempt the tools and utensils of his trade.[5] Moreover, if such exemption is claimed properly any lien on said tools or utensils would impair the exemption provided for in § 522(b) of the Bankruptcy Code and would constitute an impairment of "an exemption to which the debtor would have been entitled under subsection (b) of this section [§ 522]."

The SBA has stipulated that as to the items of personal property still in dispute between the parties any lien that it has on said property is a nonpossessory, nonpurchase-money security interest. Therefore, if the debtor is a mechanic and the property in dispute constitutes tools and utensils of the trade, then pursuant to § 522(f)(2)(B) the debtor may avoid the SBA lien.

The debtor testified that he is the proprietor of Waverly Equipment Service and is in the business of repairing heavy equipment used in trucking and lumbering operations. In addition, he testified that he was so engaged at the time he filed his petition and on the date this Court held a hearing on the debtor's complaint. This evidence was not challenged by SBA. Thus, it appears uncontradicted that the debtor is indeed a mechanic for purposes of Virginia's poor debtor's exemption. In fact, although the SBA has not stipulated that the debtor is a mechanic, the SBA has not challenged the debtor's right to claim an exemption for tools and utensils of the trade but only challenges the debtor's right to claim certain items as falling within the

definition of "tools and utensils of the trade." Finally, this Court is satisfied independently that the debtor's business activities qualify him as a mechanic as defined in the usual meaning of the word.[6] Therefore, a single issue remains to be determined by this Court and that is whether certain items of personal property constitute tools and utensils of the debtor's trade for purposes of the Virginia poor debtor's exemption. *Va.Code* § 34–26 (Repl.Vol.1983).

The parties have been unable to agree whether the following items constitute tools and utensils of the trade for purposes of the poor debtor's exemption: a valve-set grinder with cabinet, one work bench, three fire extinguishers, three drop lights, one first aid kit, two bolt bins, one wooden supply cabinet, a pair of parts shelving, three wooden work tables, a wheelbarrow, a shovel, three brooms, three tool boxes, two roll cabinets, and two side cabinets. To the extent that this Court determines that any one or all of the above listed items constitute "tools and utensils of the trade" the debtor may avoid the fixing of the nonpurchase-money, nonpossessory lien of the SBA.

Whether such items are tools and utensils of the debtor's trade is a question of state law. The state statute does not define what constitutes a tool or utensil of trade nor does it set a limitation as to number or dollar amount of tools and utensils of the trade that may be claimed exempt. Therefore, if this Court finds a particular item of personal property to qualify as a tool or utensil of the trade the debtor may avoid the fixing of the SBA lien on

---

**5.** *Va.Code* § 34–26 provides in pertinent part: ... every householder residing in this state shall be entitled to hold exempt, as provided in Chapter 2 (§ 34–4 et. seq.) of this Title, he shall also be entitled to hold exempt from levy or distress the following articles or so much or so many thereof as he may have to be selected by him or his agents: ... in case of a mechanic the tools and utensils of his trade, ....

No officer or other person shall levy or distrain upon, or attach, such articles, or otherwise seek to subject such articles to any lien or process.

**6.** The Virginia Code does not define "mechanic" for purposes of *Va.Code* § 34–26, however, the United States Bankruptcy Court for the Western District of Virginia has utilized the definition of "mechanic" as found in *Webster's Third New International Dictionary*, which provides:

"a manual worker, a man skilled in the construction or operation of machines or vehicles run by machines."

*In re Dummitt*, 2 B.R. 136, 138 (Bkrtcy.W.D.Va. 1980).

that item without regard to the dollar value of such tool or utensil. Moreover, since different trades put the same tools to different uses, a factual inquiry must be made in each case concerning the use to which the property claimed exempt is in fact put. *Collier on Bankruptcy*, 15th ed. § 522.15 (1983).

This Court has been unable to uncover any Virginia case interpreting what constitutes a tool or utensil of the trade for purposes of *Va.Code* § 34–26. However, this Court will borrow from the Honorable Judge Merritt Dietz of the United States Bankruptcy Court for the Western District of Kentucky the following test in determining whether certain tools of the debtor's trade in a § 522(f) lien avoidance action brought by the debtor:

> Is the item claimed to be exempt reasonably necessary both in kind and in quality for the workman to perform his chosen craft in an efficient and competent manner?

*In re Reed*, 18 B.R. 1009, 1010 (Bkrtcy.W. D.Ky.1982). With this test in mind, this Court is satisfied that the debtor has established that the following items of personal property are necessary tools and utensils of his trade: the valve-set grinder with cabinet, one work bench, three drop lights, one tool box, two roll cabinets, and two side cabinets. With regard to the tool box, roll cabinets, and side cabinets, this Court holds that although those items are not used directly in performing the debtor's trade as a mechanic they are and have been proven to be necessary to store those tools and utensils that are required by his trade and, therefore, adequate storage of necessary tools will be permitted to be claimed as exempt property.

It is significant to note that to the extent that there was duplication of tools such as three wooden work tables, two tool boxes, and additional storage, the exemption was denied. Moreover, although fire extinguishers and a first aid kit are admittedly useful to a mechanic in his trade, they do not satisfy the tests set out here as being necessary in kind and in quality for the debtor to perform his trade. The exemption is not one that guarantees to the mechanic each and every possible and potential tool that can be used to set up the perfect workshop. Rather the exemption is to set forth and protect the basic tools and utensils in order to aid the debtor in continuing in his means of livelihood. Therefore, the exemption sought as to the bolt bins, wooden supply cabinet, and shelving and as that sought as to the wheelbarrow, shovel, and three brooms, will be denied.

An appropriate Order will issue.