**In re William C. BLAKE, d/b/a William's Carpentry Construction, d/b/a Homeowner's Hardware, Debtor.**

**William C. BLAKE, d/b/a William's Carpentry Construction, d/b/a Homeowner's Hardware, Plaintiffs,**

**v.**

**Dominique V. LEDAN and Gerard A. Erie, Defendants.**

**Bankruptcy No. 183–30542–260.**

**Adv. No. 183–0348–260.**

United States Bankruptcy Court, E.D. New York.

April 5, 1984.

Horwitz & Associates, P.C. by Bruce Weiner, New York City, for plaintiffs.

Martin Sulkow, New York City, for defendants.

## DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

This is an adversary proceeding brought pursuant to 11 U.S.C. Section 522(f) by William C. Blake, a Chapter 13 debtor, seeking to avoid a judicial lien to the extent that it impairs a statutorily authorized right to an exemption in his home.

## I

## FACTS

On March 17, 1983 the debtor, William C. Blake, filed a voluntary petition under Chapter 13 of the Bankruptcy Code. He listed as an unsecured debt a judgment for $12,404.60 obtained on July 6, 1981 by Dominique V. Ledan and Gerard A. Erie in an action for breach of contract. Although the debtor characterized this judgment as an unsecured debt it is clear that upon its docketing on July 22, 1981, a secured lien arose on the debtor's home. Ledan and Erie filed a claim as secured creditors. Notwithstanding that a secured claim was filed the debtor treated it as unsecured and the plan which proposed to pay the creditors 16% of their claims was confirmed on May 17, 1983. Neither the creditors nor their attorney appeared at the confirmation hearing.

In determining the adequacy of the plan the property was valued at $3,800 by both the debtor and the trustee in bankruptcy and a homestead exemption of $10,000 was claimed by the debtor pursuant to N.Y. Debt. & Cred.Law Section 282 (McKinney) and N.Y.Civ.Pract.Law & Rules Section 5206(a) (McKinney).[1]

On July 11, 1983 the debtor commenced this adversary proceeding pursuant to 11 U.S.C. Section 522(f) to avoid the judicial lien held by Ledan and Erie on the ground that it impairs his homestead exemption.

In their September 29, 1983 answer to the debtor's complaint Ledan and Erie disputed the debtor's contention that the property subject to the lien was worth only $3,800. In order to resolve this dispute the court, on November 1, 1983, appointed an appraiser, Cornelius A. Heaney, who examined the debtor's residence and valued it at $7,000. The court accepts this appraisal as the fair market value of the property. Subsequent to the appraisal, counsel for Ledan and Erie offered, by letter, to pay the debtor $10,000 cash for the property.

The debtor claims that under Chapter 13 he has the same right as a debtor in a chapter 7 case to claim exemptions and to avoid, pursuant to Section 522(f), a judicial lien to the extent that it impairs his homestead exemption.

The creditors respond by stating Section 522(f) does not apply to a Chapter 13 proceeding. In addition, they contend that no exemption is "impaired" and that this adversary proceeding must fail since it was brought after the confirmation of the Chapter 13 plan.

## II

## ISSUES

A. Do the lien avoidance provisions of 11 U.S.C. Section 522(f) apply to bankruptcy proceedings under Chapter 13?

B. If so, was the debtor's action to avoid the lien in question timely?

## III

## DISCUSSION AND CONCLUSIONS

### A

■ Courts which have considered whether or not Section 522(f) applies to a

---

**1.** New York has chosen to "opt out" of the specific federal exemptions provided for in 11 U.S.C. Section 522(b). Debtors in New York are limited to the exemptions provided for in Article 10–A Section 282 of the Debtor and Creditor Law of New York. While the federal exemption scheme in Section 522(b) is no longer in effect in New York, the remaining subsections of section 522, including the right of lien avoidance found in subsection (f) remain applicable. *In re Arnold,* 33 B.R. 765 (Bkrtcy.E.D.N.Y.1983); *Matter of Pearl,* 28 B.R. 492 (Bkrtcy.E.D.N.Y.1983).

Chapter 13 proceeding have expressed differing views. Some have held it inapplicable. *See, e.g., In re Morgan,* 18 B.R. 17 (Bkrtcy.D.Del.1981); *Matter of Aycock,* 15 B.R. 728 (Bkrtcy.E.D.N.C.1981); *Matter of Sands,* 15 B.R. 563 (Bkrtcy.E.D.N.C.1981). However, a clear majority have held that lien avoidance pursuant to Section 522(f) is permissible in a Chapter 13 case. *See, e.g., Transouth Fin. Corp. v. Paris,* 26 B.R. 184 (D.W.D.Tenn.1982); *Baldwin v. Avco Fin. Serv.,* 22 B.R. 507 (D.Del.1982); *Matter of Mattson,* 20 B.R. 382 (Bkrtcy.W.D.Wis. 1982). This Court shares the majority view and finds Section 522(f) applicable to Chapter 13 proceedings. This conclusion not only recognizes and gives effect to the policies underlying the Bankruptcy Reform Act in general, but specifically furthers the intent of Congress in enacting Chapter 13. Section 522(f) provides:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien; or
>
> (2) a nonpossessory, nonpurchase-money security interest in any—
>
> (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family or household use of the debtor or a dependent of the debtor....

The legislative history of Section 522 indicates that it was enacted to further one of the Code's primary goals—providing the debtor with a meaningful "fresh start". H.R.Rep. No. 595, 95th Cong., 2d Sess. 126–27 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6087–88 (hereinafter cited as House Report). Subsection (f), in particular, was adopted to curb creditor harassment and threats of seizure of exempt property that often re-sulted in a debtor's reaffirmation of what would otherwise have been a debt dischargeable in bankruptcy. *Id.*

Nothing in the language or legislative history of Section 522(f) expressly limits its application to Chapter 7 proceedings. On the contrary, there are affirmative indications that the section was meant to apply to a Chapter 13 proceeding. The legislative history of Chapter 13 states that "the [Chapter 13] debtor [should be] given adequate exemptions and other protections to ensure that bankruptcy will provide a fresh start." House Report, *supra* at 118, *reprinted in* 1978 U.S.Code Cong. & Ad. News at 6078. It would be inconsistent with the "fresh start" philosophy of the Code to provide debtor who choose liquidation under Chapter 7 with adequate exemptions and the right to avoid liens to the extent they impair these exemptions, while denying the same protections to a debtor utilizing a Chapter 13 rehabilitation plan, *Baldwin* and *Transouth, supra.* In fact, if a Chapter 13 debtor is denied the use of Section 522(f) he would be open to creditor harassment, which Congress obviously intended to alleviate for all debtors. *Baldwin, supra.*

Some courts have held that 11 U.S.C. Section 103(a)[2] simply demands a finding that Section 522(f) applies in Chapter 13. *See, e.g., In re Cohen,* 13 B.R. 350 (Bkrtcy. E.D.N.Y.1981); *Matter of Primm,* 6 B.R. 142 (Bkrtcy.D.Kan.1980); *Matter of Jordan,* 5 B.R. 59 (Bkrtcy.D.N.J.1980). However, Section 103(a) does not automatically make every provision of Chapters 1, 3 and 5 applicable to all bankruptcy proceedings. Where there is a conflict between the specific provisions of Chapter 13 and the general provisions of Chapter 1, 3 and 5, the specific provisions of Chapter 13 take precedence. *Baldwin, supra; In re Corden,* 19 B.R. 552 (Bkrtcy.M.D.Fla.1982); *Matter of Aycock, supra.* For example, Section 521(3) of the Code requires a debtor to surrender all of the property of his estate to the trustee. However, that require-

---

**2.** Section 103(a) provides: "Except as provided in section 1161 of this title, Chapters 1, 3 and 5 of this title apply in a case under Chapter 7, 11 or 13 of this title."

ment is eliminated for Chapter 13 debtors by Section 1306(b) of the Code which says that a debtor does not have to surrender that property unless required to by the plan.

Ledan and Erie claim that a specific provision of Chapter 13, Section 1325(a)(5), conflicts with the more general requirements of Section 522(f). They therefore conclude that Section 1325(a)(5) controls. Section 1325(a)(5) provides:

(a) The court shall confirm a plan if—
    (5) with respect to each allowed secured claim provided for by the plan—
    (B)(i) the plan provides that the holder of such claim retain the lien securing such claim....

■ However, Sections 522(f) and 1325(a)(5) do not conflict. *Baldwin, supra; In re Bowles,* 8 B.R. 394 (Bkrtcy.S.D.Ohio E.D.1981). Section 1325(a)(5) only applies to allowed secured claims. Once a lien has been avoided pursuant to Section 522(f), it is no longer an allowed secured claim. It becomes an unsecured claim to which Section 1325(a)(5) is no longer relevant. *Matter of Mattson, supra; In re Hagerman,* 9 B.R. 412 (Bkrtcy.W.D.Mo.1981).

Some of the courts which have held Section 522(f) inapplicable to a Chapter 13 case focus on the differences between a case under Chapter 13 and one under Chapter 7. *See, e.g., Matter of Sands, supra; Matter of Aycock, supra; In re Morgan, supra.* In Chapter 7 a debtor turns over all property to a trustee for liquidation and a speedy discharge. In contrast, a Chapter 13 debtor proposes a plan in which he uses his future income to repay secured creditors in full and unsecured creditors in full or in part at regular intervals for a period of three to five years, or even nothing at all. He retains and continues to use his property, both exempt and non-exempt. 5 *Collier on Bankruptcy* Paragraphs 1300.01–.02 (15th ed. 1981).

Courts which have denied the Chapter 13 debtor the use of Section 522(f) to avoid liens have reasoned that since the debtor retains his property, he is not entitled to exemptions. They reason further that if

there are no exemptions there is certainly no "impairment" of an exemption as required by Section 522(f). *Sands* and *Aycock, supra.* The creditors, Ledan and Erie, have proffered just such an argument in this case. However, this reasoning is faulty. As previously noted, the exemption provisions of Section 522 are applicable to a Chapter 13 proceeding. Furthermore, liens "impair" upon attachment and perfection, not upon enforcement. Peeples, *Five Into Thirteen: Lien Avoidance in Chapter 13,* 61 N.C.L.Rev. 849, 864–65 (1983).

It was the desire of Congress to make Chapter 13, and thus debtor repayments, attractive to debtors and thus avoid a straight Chapter 7 liquidation. House Report, *supra* at 118, *reprinted in* U.S.Code Cong. & Ad.News at 6078. Congress envisioned Chapter 13 as the most effective means of improving not only debtor relief, but also creditor recoveries. *Id.* at 6079. Debtors benefit because they receive a more comprehensive discharge than in a Chapter 7 case, (c.f. 11 U.S.C. Section 1328 with 11 U.S.C. Section 727), while retaining most of their property, both exempt and non-exempt. Creditors benefit because they receive a greater percentage of their debt than in the typical Chapter 7 proceeding. *Perry v. Commerce Loan Co.* 383 U.S. 392, 395, 86 S.Ct. 852, 854–55, 15 L.Ed.2d 827 (1966); 5 *Collier on Bankruptcy,* Para. 1300.02 (15th ed. 1981).

The value of lien avoidance in Chapter 13 to both debtors and creditors can be seen from the following illustration based on an example in McLaughlin, *Lien Avoidance by Debtors in Chapter 13 of the Bankruptcy Reform Act* of 1978, 58 Am.Bankr. L.J. 45, 64–67 (1984). Assume that a debtor (1) owns a house valued at $10,000 on which there is a $10,000 judgment lien; (2) there are no other assets in the estate, and (3) he has $75 per month to devote to a Chapter 13 plan. 11 U.S.C. Section 1325(a)(5)(B)(ii) requires that holders of secured claims, which include judicial liens, receive payment in full over the life of the plan. If the debtor were denied the right to avoid the lien and required to pay the

$10,000 lien holder in full over the maximum allotted time of five years, his minimum payments would need to be $167 per month. Since the debtor cannot afford that large a monthly payment, the plan would not be confirmed. The debtor would then convert to a Chapter 7 proceeding and avoid the judicial lien on his residence pursuant to 11 U.S.C. Section 522(f). After taking his $10,000 homestead exemption no assets would be left for distribution to the creditor.

However, if the Chapter 13 debtor were permitted to avoid the judicial lien pursuant to 11 U.S.C. Section 522(f), the creditor becomes unsecured for the amount avoided. 11 U.S.C. Section 1325(a)(4) would then become applicable to the now unsecured creditor. That section requires that unsecured creditors in a Chapter 13 plan receive at least as much as they would in a Chapter 7 liquidation. To make the determination of that amount it would be necessary for the Chapter 13 debtor to file a schedule of exempt property. 11 U.S.C. Section 1325(a)(4). In our illustration, the amount an unsecured creditor would receive would be "zero". The debtor could now propose a plan offering to pay to his Chapter 13 trustee the $75 per month available over a period of 60 months, for a total of $4,500. After deducting the trustee's 10% commission of $450, the sum of $4,050 would be paid to the creditor.

In this example, the debtor clearly receives a substantial benefit in that his obligation is reduced and he keeps his home. The secured creditor whose lien was avoided in the Chapter 13 will have received $4,050 on account of his claim, whereas he would have received nothing in a Chapter 7 proceeding. In addition, the example demonstrates that the debtor's ability to propose a viable Chapter 13 plan is dependent upon his ability to utilize Section 522(f) to avoid a lien on exempt property. As one commentator has aptly stated:

> By refusing to apply Section 522(f) in Chapter 13 cases, courts are not only failing to follow a Congressional mandate for Chapter 13, they are also forcing debtors into Chapter 7 with the unavoidable result being harsher treatment of the very creditors they are seeking to protect.

McLaughlin, *Lien Avoidance by Debtors in Chapter 13 of the Bankruptcy Reform Act of 1978*, 58 Am.Bankr.L.J. 45, 66–67, (1984).

■ Applying the principals discussed above the debtor may avoid the judicial lien on his residence to the extent that it impairs his right to an exemption on that property. The debtor is entitled to a homestead exemption, not exceeding $10,000 in his principal residence. (N.Y.Debt. & Cred.Law Section 282 (McKinney) and N.Y. Civ.Prac.Law Section 5206(a) (McKinney)). Since the debtor's residence has been valued at $7,000, he is entitled to a homestead exemption for that amount. Accordingly, the debtor may avoid the judicial lien to the extent of $7,000, and the entire amount of the judicial lien of $12,404.60 is allowed as an unsecured claim.[3]

Finally, as mentioned earlier, the lien creditors have offered to buy the debtor's property for $10,000. However, this is meaningless in the context of this case since the debtor may exempt the property up to $10,000 in value. In any case, the offer can only be deemed an *indicia* of the property's value; the debtor cannot be compelled to sell it merely because some party has offered to purchase it.

**B**

■ There remains for consideration, the creditors' claim that the debtor may not

---

**3.** 11 U.S.C. Section 506(a) provides in relevant part that:

> (a) an allowed claim of a creditor secured by a lien on property in which the estate has an interest.... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property.... and is an unsecured claim to the extent that the value of

such creditor's interest.... is less than the amount of such allowed claim.

Since it has been determined that the lien in question may be avoided the property against which it was docketed is not property of the debtor's estate. Thus, the debt that had been secured is now unsecured for the purpose of this bankruptcy proceeding.

avoid a lien after confirmation of a Chapter 13 plan. For unexplained reasons, the debtor, at the time of the filing of his Chapter 13 petition, listed the judicial lien held by Ledan and Erie as an unsecured debt. The debtor also failed to make any attempt to avoid the judicial lien at that time.

Under 11 U.S.C. Section 350(b) the court may reopen a case "to administer assets, to accord relief to the debtor, or for other cause." Lien avoidance constitutes sufficient cause to reopen a case. *In re Moser*, 27 B.R. 144 (Bkrtcy.E.D.N.Y.1983). The creditors make no showing that contrary equitable considerations such as laches or prejudice to parties in interest should preclude the debtor from avoiding the lien at this time. *In re Hall*, 22 B.R. 701 (Bkrtcy. E.D.Pa.1982); *Matter of Montney*, 17 B.R. 353 (Bkrtcy.E.D.Mich.1982). Since this case is still being administered the court finds no basis for denying the debtor the opportunity to avoid the lien in question.

IT IS SO ORDERED.