**In re Jeanie Vell
UNDERWOOD, Debtor.**

**Bankruptcy No. 88–02988–G.**

United States Bankruptcy Court,
E.D. Michigan, S.D.

Aug. 17, 1989.

Balfour Peisner, Southfield, Mich., for creditor.

Paul E. Slavin, Taylor, Mich., for debtor.

### DECISION AND ORDER AVOIDING JUDICIAL LIEN UNDER SECTION 522(f)(1)

RAY REYNOLDS GRAVES, Chief Judge.

This chapter 13 case is before the court on the debtor's motion to avoid a judicial lien under section 522(f)(1) of title 11 and the claimant's opposition to the motion.

The parties do not dispute the significant facts. The debtor failed to pay for merchandise she purchased from Sears, Roebuck & Co. [hereinafter Sears]. After obtaining a state court money judgment against the debtor in August 1986, Sears levied on certain real estate owned by debtor and located at 4181—13th Street, Ecorse, Michigan. Sears also filed a notice with the register of deeds. On April 21, 1988 debtor filed for relief under chapter 13, claiming $3981.26 as exempted equity in her one-half interest in the personal residence. On her bankruptcy petition, debtor valued her one-half interest in the real estate at $11,250. Sears submitted no security agreement to support the $3681.87 claim it filed on May 9, 1988.

Debtor argues that section 522(f)(1) permits her to avoid the Sears lien as an impairment of her homestead exemption and to treat Sears as a general unsecured claimant in her chapter 13 plan of reorganization. However, Sears argues that it is a secured claimant, not the holder of a judicial lien. It contends that the lien should remain on the property despite the bankruptcy. Sears also contends that it is entitled to 100% payment instead of the 27% payment debtor proposes to pay unsecured creditors through her plan. In addition, Sears argues that a chapter 13 debtor may not avoid judicial liens under section 522(f)(1).

Section 522(f) of title 11 provides, in pertinent part:

[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien ...

■ Thus, section 522(f) sets forth three requirements which the debtor, as the moving party, must establish before the court may avoid a judicial lien. *In re Shands*, 57 B.R. 49, 50 (Bankr.D.S.C.1985).

(1) The lien must be a judicial lien;

(2) The lien must be against an interest of the debtor in property;

(3) The debtor must be entitled to the exemption that the lien would impair.

Section 101(33) defines "lien" as a

charge against or interest in property to secure payment of a debt or performance of an obligation.

Further, section 101(32) defines "judicial lien" as a

lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.

Finally, section 101(45) defines "security interest" as

a lien created by agreement.

■ The Bankruptcy Code establishes "judicial" liens and "security interest" liens as mutually exclusive categories. To determine the nature of a particular lien, the court must consider the origin instead of the means of enforcement. *In re Sanders,* 61 B.R. 381, 383 (Bankr.D.Kan.1986). For example, if a lien was created by written agreement between the debtor and creditor, it is not converted into a judicial lien by virtue of the creditor's resort to judicial process. *Id.* at 383.

■ The court concludes that Sears' lien is a judicial lien against a personal residence in which debtor has an undisputed one-half ownership interest. Although initially it declared itself a "secured" claimant, Sears has submitted no security agreement to support its claim. Indeed, on brief, Sears acknowledges that its claim originates with a state court money judgment and that it filed a notice against the real estate with the county register of deeds. Thus, the debtor has established two of the three requirements set forth in section 522(f).

■ Sears argues that section 522 does not apply in chapter 13 cases. However, section 103(a) of title 11 clearly states that:

Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7, 11, or 13 of this title.

Furthermore, legislative history indicates, "[t]he general provisions that apply no matter which chapter a case is filed under are found in Chapters 1, 3 and 5." S.Rep. No. 989, 95th Cong., 2d Sess. 28 (1978); H.Rep. No. 595, 95th Cong., 1st Sess. 316 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5814, 6273.

Nevertheless, there is a split of authority in the Eastern District of Michigan regarding a chapter 13 debtor's ability to utilize section 522(f). In *In re Berry,* the bankruptcy judge stressed that chapter 13 debtors do not claim exemptions for the purpose of retaining exempt property and held, therefore, that a chapter 13 debtor could not avoid judicial liens impairing "exempt" property. *Berry v. Pattison (In re Berry),* 30 B.R. 36 (Bankr.E.D.Mich.1983). However, as the Honorable George Brody observed in *In re Slykerman,* "If Congress had intended that section 522 not apply in a chapter 13 proceeding, it would have been simple to so provide. Congress did not do so." *Slykerman v. Associates Financial Services (In re Slykerman),* 29 B.R. 82, 83 (Bankr.E.D.Mich.1983).

Since the bankruptcy court refused the chapter 13 debtor's request to avoid a judicial lien in *In re Berry,* the majority of courts faced with the same questions have held that section 522(f) applies in chapter 13 cases, and this is clearly the majority opinion today. *In re Jackson,* 55 B.R. 343, 344 (Bankr.M.D.N.C.1985); *In re Allred,* 45 B.R. 676 (Bankr.E.D.N.C.1985); *In re Cowart,* 43 B.R. 110 (Bankr.M.D.Fla.1984); *Blake v. Ledan (In re Blake),* 38 B.R. 604 (Bankr.E.D.N.Y.1984); *Fisk v. Allis Chalmers Credit Corp. (In re Fisk),* 36 B.R. 924 (Bankr.W.D.Mich.1984); *Lincoln v. Beneficial Finance Co. (In re Lincoln),* 26 B.R. 14 (Bankr.W.D.Mich.1982).

This court finds the rationale of the Honorable Laurence Howard of the Western District of Michigan and that of former Judge Brody persuasive. *In re Fisk,* 36 B.R. at 926; *In re Slykerman,* 29 B.R. at 83. Congress' intent in passing section 522(f) was to promote a debtor's fresh start. Avoidance of a lien indirectly promotes the chapter 13 debtor's fresh start by increasing the likelihood that payments required under the plan will be made and

by protecting against a dismissal and threat of foreclosure. *In re Fisk*, 36 B.R. at 926.

After careful consideration, this court adopts the position of *In re Slykerman*, 29 B.R. 82 (Bankr.E.D.Mich.1983), and *In re Fisk*, 36 B.R. 924 (Bankr.W.D.Mich.1984). The court declines to follow *In re Berry*, 30 B.R. 36 (Bankr.E.D.Mich.1983) as requested by Sears.

### CONCLUSIONS

The debtor has established that Sears holds a judicial lien on property in which she has equity in excess of the judicial lien. The debtor has also established that section 522(f)(1) entitles a chapter 13 debtor to avoid a judicial lien against property that would be exempt. Therefore, the lien of Sears, Roebuck & Co. on debtor's personal residence located at 4181—13th Street, Ecorse, Michigan, is avoided under 11 U.S.C. section 522(f)(1). Sears' claim is allowed as an unsecured claim.

IT IS SO ORDERED.